IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RANDOLPH BAHAM, ) | Civ. No. 13-00669HG-BMK |
| ) | |
| Plaintiff, ) | ORDER DENYING |
| ) | DEFENDANT'S MOTION TO |
| vs. ) | DISQUALIFY THE LAW FIRM OF |
| ) | REVERE AND ASSOCIATES |
| ASSOCIATION OF APARTMENT ) | LLLC |
| OWNERS OF OPUA HALE PATIO ) | |
| HOMES, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY
THE LAW FIRM OF REVERE AND ASSOCIATES LLLC

Before the Court is Defendant Association of Apartment Owners of

Opua Hale Patio Homes' ("AOAO") Motion to Disqualify the Law Firm of Revere

and Associates LLLC. (Doc. 10.) The Court heard this Motion on January 24 and

31, 2014. After careful consideration of the Motion, the supporting and opposing

memoranda, and the arguments of counsel, AOAO's Motion is DENIED.

FACTUAL BACKGROUND

On August 23, 2010, the firm of Motooka Yamamoto & Revere

("MYR") filed a Notice of Lien for Unpaid Assessments on behalf of AOAO

against Randolph Baham ("Baham") and his mother Toyoko Baham.[1]  (Doc. 23 at 3.)  In October of 2010, on behalf of AOAO, MYR established a payment plan under which Baham would pay off the unpaid assessments as well as attorneys' fees and costs.  (Doc. 23-4.)  When Baham defaulted on the payment plan, MYR filed suit against him in State Court, and in July of 2011, obtained a judgment against Baham on behalf of the AOAO.  (Doc. 10-4.)   That same month, MYR issued a demand letter to Baham threatening further legal action if steps were not taken to pay the amount of the judgment including attorneys' fees and costs.  (Doc. 23-6.)

Shortly thereafter, AOAO terminated MYR as counsel, and hired the firm of Porter McGuire Kiakona & Chow ("PMKC").  (Doc. 23 at 5.)  In March of 2012, Terrance Revere ("Revere") left MYR to start his own firm, Revere and Associates.  (Doc. 22 at 5.)

About one-year after Revere left MYR, AOAO's new counsel, PMKC, instituted non-judicial foreclosure proceedings to recover a total delinquency of $26,128.53 owed by Baham to AOAO, a delinquency arising in large part from the prior judgment procured by MYR.  (Id. at 4-5.)  Baham's unit

---

[1] According to the Complaint in this case, Baham owned a unit at Opua Hale Patio Homes as joint tenants with his mother Toyoko.  Toyoko Baham died in 2010, leaving Baham sole owner of the unit in question.  (Doc. 1-1 at 3.)

was sold at auction sometime in May of 2013, to Jonah Kogan ("Kogan").  (Id. at 7.)   In September of 2013, Kogan filed suit against Baham seeking possession of the property, damages and back rent.  (Id. at 9-10.)

On October 29, 2013, Revere & Associates filed suit on behalf of Baham against AOAO, PMKC, and Kogan, in state court.  (Doc. 1-1.)  The nineteen count Complaint asserts, among other things, illegal foreclosure, violation of state and federal debt collection law, multiple contractual violations, and wrongful eviction.  (Id.)

PMKC, as a named defendant, removed the case to federal court.  (Doc. 1.)  Shortly thereafter, AOAO filed the Motion currently before the Court to disqualify Revere & Assoc.  (Docs. 1, 10.)  PMKC's motion asserts that Revere & Assoc. should be disqualified because the disputed foreclosure action underlying the present suit directly stems from the work Revere's former firm, MYR, performed for AOAO.  (Doc. 23 at 2.)  To the heart of the matter,  AOAO asserts it is a clear conflict of interest to permit Revere to sue a former client AOAO, on behalf of the very party that his prior firm represented AOAO against.  (Doc. 10-1 at 2.)  Revere opposes his disqualification on the grounds he had no involvement with the work MYR performed for AOAO.  (Doc. 22 at 2.)  Moreover, Revere contends that the uncontested financial judgment against Baham is unrelated to the

allegedly unlawful actions surrounding the foreclosure of Baham's property and his later eviction, which occurred long after Revere left MYR.

## DISCUSSION

Hawaii Rules of Professional Conduct ("HRPC") Rule 1.9(b) governs situations in which a lawyer ends his association with a firm, and later undertakes representation of a client whose interests may conflict with a client of the lawyer's prior firm. Rule 1.9(b) provides that,

> A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>
> (1) whose interests are materially adverse to that person; and
>
> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client consents after consultation, and confirms in writing.

Accordingly, under Rule 1.9(b) there are three prerequisites for disqualifying an attorney and his current firm based upon work performed by the attorney's prior law firm: 1) representation involves "the same or a substantially related matter"; 2) the interests of the former and current client are "materially adverse"; and 3) the attorney has acquired protected information that is material to the matter. Young v. Bishop Estate, CV 9-403 SOM-BMK, 2009 WL 3763029, *7

(D. Haw. 2009) (setting out the requirements for disqualification under Rule 1.9(b)).

Even where the first two prerequisites for disqualification are met, HRPC Rule 1.9(b)(2) operates to disqualify a lawyer "only when the lawyer . . . has actual knowledge of information protected by Rule 1.6 and 1.9(c)." HRPC Rule 1.9, cmt. 5.

> Thus, if a lawyer while with one firm acquired no knowledge or information relating to a particular client of the firm, and that lawyer later joined another firm, neither the lawyer individually nor the second firm is disqualified from representing another client in the same or a related matter even though the interests of the two clients conflict.

Id.; see also In re ProEducation Int'l, 587 F.3d 296, 303 (5th Cir. 2009) (where alleged conflict arose from former firm's representation, disqualification is unwarranted where lawyer never personally represented or gained any actual knowledge of the client while with former firm).[2]

Under this Rule, while a lawyer who remained at a firm would be subject to an imputed prohibition based upon the knowledge of other lawyers at the firm, a departed lawyer becomes free of imputation "so long as that lawyer

---

[2] The Hawaii Rules of Professional Conduct, along with the Rules of numerous other states, are taken from the American Bar Association's Model Rules of Professional Conduct. Accordingly, it is appropriate to look to other jurisdictions' interpretation of the Rules where Hawaii courts have not yet spoken.

obtained no material confidential information relevant to the matter."[3]  Dieter v. Regents of University of California, 963 F. Supp. 908, 911 (E.D. Cal. 1997) (holding that under Model Rules of Professional Conduct Rule 1.9(b), three lawyers who left a firm were not disqualified where they averred they had no personal knowledge relevant to a client and the client presented no evidence to the contrary).

In his briefs and at oral argument, Revere asserted that while associated with MYR, he never personally worked on matters relating to AOAO, did not acquire protected information about AOAO, and has "no actual confidences to protect."  (Doc. 32 at 2-3.)  At oral argument, AOAO conceded that it had no evidence that Revere had any such actual knowledge.  Accordingly, absent evidence that Revere acquired protected information that would be material to the matter now before the Court, the Court holds that disqualification is improper.  See In Re ProEducation Int'l, 587 F.3d at 303; see also San Gabriel Basin Water Quality Auth. v. Aerojet-Gen. Corp., 105 F. Supp. 2d 1095, 1104 (C.D. Cal. 2000)

---

[3] Notably, HRPC Rule 1.9(b) is decidedly more lenient than the previously controlling Code of Professional Conduct that provided for disqualification based upon the "appearance of impropriety" without any showing of "actual" knowledge of protected information.  See Edwards v. 360 Communications, 189 F.R.D. 433, 437 (D. Nev. 1999) ("The appearance of impropriety doctrine has been specifically discredited by the new ABA Model Rules."); see also Lansing-Delaware Water Dist. v. Oak Lane Park, Inc., 808 P.2d 1369, 1375-76 (Kan. 1991) (comparing ABA Model Rules with prior Code of Professional Responsibility).  It is this former standard that was at play in Otaka, Inc. v. Klein, 791 P.2d 713, 718 (Haw. 1990), cited by AOAO in support of disqualification.

(Even if the first two factors of the substantial relationship test are met, a lack of involvement or knowledge of a prior case precludes disqualification of an attorney based on his association with a prior law firm); Parker v. Volkswagenwerk Aktiengesellschaft, 781 P.2d 1099, 1106 (Kan. 1989) (requiring a finding of actual knowledge of material and confidential information before disqualification).

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Summary Judgment (Doc 21).

DATED: Honolulu, Hawaii, February 4, 2014.

IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Randolph Baham v. Association of Apartment Owners of Opua Hale Patio Homes, et al., Civ. No. 13-00669HG-BMK; ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY THE LAW FIRM OF REVERE AND ASSOCIATES LLLC.