IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| RANDOLPH BAHAM, | ) CIV. NO. 13-00669 HG-BMK<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | )<br>)<br>) |
| ASSOCIATION OF APARTMENT OWNERS<br>OF OPUA HALE PATIO HOMES;<br>PORTER MCGUIRE KIAKONA & CHOW,<br>LLP; ASSOCIA HAWAII fka<br>CERTIFIED HAWAII, INC.; JONAH<br>KOGEN, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

---

**ORDER GRANTING ASSOCIATION OF APARTMENT OWNERS OF OPUA HALE PATIO
HOMES AND ASSOCIA HAWAII fka CERTIFIED HAWAII, INC.'S
MOTION TO DISMISS COMPLAINT AND
DENYING MOTION FOR A MORE DEFINITE STATEMENT AS MOOT (ECF No. 7)
AND
GRANTING DEFENDANT PORTER MCGUIRE KIAKONA & CHOW, LLP'S MOTION
FOR PARTIAL DISMISSAL (ECF No. 15)
AND
DENYING JONAH KOGEN'S MOTION FOR SUMMARY JUDGMENT (ECF No. 14)**

**PLAINTIFF IS GRANTED LEAVE TO AMEND**


Plaintiff's suit arises from the non-judicial foreclosure of
his condominium unit at Opua Hale Patio Homes by the Association
of Apartment Owners. The Association of Apartment Owners
foreclosed on the unit based on Plaintiff's failure to pay his
condominium association fees.

**Defendants Association of Apartment Owners and Associa Hawaii's Motion to Dismiss and Motion for a More Definite Statement (ECF No. 7)**

Plaintiff brings suit against the Association of Apartment Owners of Opua Hale Patio Homes and Associa Hawaii, the condominium's management company.

Plaintiff alleges claims against the Association of Apartment Owners of Opua Hale Patio Homes for breach of its governing documents, breach of contract, breach of fiduciary duty, promissory estoppel, tortious interference with contractual relations, negligence, and negligent and intentional infliction of emotional distress. Plaintiff also alleges that the Association of Apartment Owners violated Hawaii state statutes governing condominium associations, foreclosure, debt collection, and unfair and deceptive practices.

Plaintiff alleges claims against Associa Hawaii for tortious interference with contractual relations, negligence, and negligent and intentional infliction of emotional distress. Plaintiff also alleges that Associa Hawaii violated state statutes governing foreclosure, debt collection, and unfair and deceptive practices.

Defendants Association of Apartment Owners of Opua Hale Patio Homes and Associa Hawaii move to dismiss the claims alleged

against them and for a more definite statement as to any remaining claims. (ECF No. 7.)

Defendants Association of Apartment Owners of Opua Hale Patio Homes and Associa Hawaii's Motion to Dismiss is **GRANTED.** Their Motion for a More Definite Statement is **DENIED AS MOOT.**

Plaintiff is granted **LEAVE TO AMEND** claims against the Association of Apartment Owners of Opua Hale Patio Homes and Associa Hawaii, consistent with the rulings in this Order.

**Defendant Porter McGuire Kiakona & Chow, LLP's Motion for Partial Dismissal (ECF No. 15)**

Plaintiff alleges claims against Porter McGuire Kiakona & Chow LLP, the law firm for the Association of Apartment Owners of Opua Hale Patio Homes. The claims against Porter McGuire Kiakona & Chow, LLP are for tortious interference with contractual relations, negligence, negligent infliction of emotional distress, unfair and deceptive practices, and violations of state and federal debt collection laws.

Defendant Porter McGuire Kiakona & Chow, LLP moves to dismiss the claims alleged against it, except for the claim alleging a violation of federal debt collection law. (ECF No. 15.)

Defendant Porter McGuire Kiakona & Chow, LLP's Motion for Partial Dismissal is **GRANTED**. The claim for violation of federal debt collection law remains.

Plaintiff is granted **LEAVE TO AMEND** claims against Porter McGuire Kiakona & Chow, LLP, consistent with the rulings in this Order.

**Defendant Jonah Kogen's Motion for Summary Judgment (ECF No. 14)**

Plaintiff alleges various claims against Jonah Kogen, the purchaser of the condominium unit at the foreclosure sale. The claims against Jonah Kogen are for tortious interference with contractual relations, prima facie tort, quiet title, and wrongful eviction.

Defendant Jonah Kogen moves for summary judgment on the claims alleged against him. (ECF No. 14.)

All of Plaintiff's claims against Defendant Jonah Kogen are **DISMISSED**. Plaintiff is granted **LEAVE TO AMEND** the claims for quiet title and wrongful eviction, consistent with the rulings in this Order.

Defendant Jonah Kogen's Motion for Summary Judgment is **DENIED.**

# PROCEDURAL HISTORY

On October 29, 2013, Plaintiff Randolph Baham filed a First
Amended Complaint in the Circuit Court of the First Circuit of
the State of Hawaii. The First Amended Complaint alleges claims
against four Defendants: Association of Apartment Owners of Opua
Hale Patio Homes ("AOAO"), Porter McGuire Kiakona & Chow, LLP
("Porter McGuire"), Associa Hawaii fka Certified Hawaii, Inc.
("Associa"), and Jonah Kogen. (Notice of Removal Ex. A, ECF No.
1.)

On November 18, 2013, the First Amended Complaint was served
upon Porter McGuire. (Notice of Removal at ¶ 2, ECF No. 1.)

On December 6, 2013, Defendant Porter McGuire removed the
action to the Hawaii Federal District Court. The other Defendants
consented to the removal. (ECF No. 1.)

On December 12, 2013, Defendants AOAO and Associa filed
"DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF OPUA HALE PATIO
HOMES AND ASSOCIA HAWAII fka CERTIFIED HAWAII, INC.'S MOTION TO
DISMISS COMPLAINT FILED ON OCTOBER 29, 2013 AND MOTION FOR A MORE
DEFINITE STATEMENT." (ECF No. 7.)

On December 16, 2013, Defendant Porter McGuire filed an
Answer to the Complaint, and "PORTER MCGUIRE'S MOTION FOR PARTIAL
DISMISSAL OF FIRST AMENDED COMPLAINT." (ECF Nos. 11, 15.)

On the same day, Defendant Kogen filed "DEFENDANT JONAH KOGEN'S MOTION FOR SUMMARY JUDGMENT." (ECF No. 14.)

On February 14, 2014, Plaintiff filed Oppositions to the three Pending Motions. (ECF Nos. 37, 38, and 40.)

On the same day, Defendants AOAO, Associa, and Kogen filed Statements of No Position as to Defendant Porter McGuire's Motion for Partial Dismissal. (ECF Nos. 36 and 39.)

On February 17, 2014, Defendants AOAO and Associa filed a Statement of No Position as to Defendant Kogen's Motion for Summary Judgment. (ECF No. 41.)

On February 21, 2014, Defendant Kogen filed a Reply in Support of his Motion for Summary Judgment. (ECF No. 46.) Defendant Kogen also filed a Statement objecting to evidence Plaintiff submitted in Opposition to Kogen's Motion for Summary Judgment. Defendant Kogen claims that several paragraphs of Plaintiff's Declaration and Plaintiff's Attorney's Declaration are inadmissible, pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure. (ECF No. 47.)

On February 28, 2014, Defendants AOAO and Associa filed a Reply in support of their Motion to Dismiss and Motion for a More Definite Statement. (ECF No. 50.)

On the same day, Defendant Porter McGuire filed a Reply in support of its Motion for Partial Dismissal. (ECF No. 51.)

On March 11, 2014, a Hearing was held on the three Pending Motions (ECF Nos. 7, 14, and 15.)

## BACKGROUND

Plaintiff Randolph Baham brings suit for claims arising from the non-judicial foreclosure of his Condominium Unit ("Unit") at Opua Hale Patio Homes, a residential condominium complex on Oahu. The Association of Apartment Owners of Opua Hale Patio Home ("AOAO") foreclosed upon the Unit based on Plaintiff's failure to pay maintenance fees, late fees, and attorneys' fees owed to the AOAO. (Am. Compl. at ¶ 12, ECF No. 1.) At the time of the foreclosure sale, Plaintiff had been delinquent in making payments to the AOAO for approximately three years. (Notice of Default & Intent to Foreclose at pg. 10, attached as Ex. A to Kogen's Mot. Summ. Judgment, ECF No. 14.)

Plaintiff alleges claims against the AOAO, Associa Hawaii fka Certified Hawaii, Inc. ("Associa"), Porter McGuire Kiakona & Chow, LLP ("Porter McGuire"), and Jonah Kogen. Associa is the condominium's management company. Porter McGuire is the law firm that represented the AOAO in the foreclosure of Plaintiff's Unit. Jonah Kogen is the purchaser Plaintiff's Unit at the foreclosure sale. (Am. Compl. at ¶¶ 3-6.)

According to the Complaint, in 1998, Plaintiff and his mother acquired the Unit as joint tenants. Plaintiff alleges that, after his mother died in December 2010, he suffered from financial hardships and failed to make required payments to the AOAO. (Am. Compl. at ¶¶ 9, 10.)

On September 21, 2012, the AOAO, through its attorneys at Porter McGuire, filed a Notice of Default and Intent to Foreclose. The Notice stated that Plaintiff was delinquent in the amount of $19,114.45, including maintenance, late fees, and attorneys' fees. The Notice further estimated that Plaintiff would owe the AOAO an additional $2561.34 for attorneys' fees and costs by November 20, 2012. According to the Notice, if Plaintiff failed to pay the AOAO $21,675.79 by November 20, 2012, his unit would be non-judicially foreclosed, pursuant to Haw. Rev. Stat. Ch. 667. (Am. Compl. at ¶¶ 11-12; Notice of Default & Intent to Foreclose at pg. 10, attached as Ex. A to Kogen's Mot. Summ. Judgment, ECF No. 14.)

Plaintiff alleges that he made multiple attempts to negotiate a payment plan by sending letters and emails to the AOAO. According to Plaintiff, on November 11, 2012, he offered to pay the monthly assessment and an additional $400 per month toward the delinquency. (Am. Compl. at ¶ 13.)

On March 19, 2013, the AOAO filed a Notice of Association's Non-Judicial Foreclosure Under Power of Sale. The Notice stated

that the AOAO would auction Plaintiff's Unit on May 28, 2013 to satisfy Plaintiff's delinquency of $26,128.53. The Notice further stated that:

> THE DEFAULT MAY BE CURED NO LATER THAN THREE BUSINESS
> DAYS BEFORE THE DATE OF THE PUBLIC SALE OF THE PROPERTY
> BY PAYING THE ENTIRE AMOUNT WHICH WOULD BE OWED TO THE
> ASSOCIATION UP TO THE DATE OF PAYMENT, PLUS THE
> ATTORNEY'S FEES AND COSTS, AND ALL OTHER FEES AND COSTS
> INCURRED BY THE ASSOCIATION RELATED TO THE DEFAULT,
> UNLESS OTHERWISE AGREED TO BETWEEN THE ASSOCIATION AND
> THE OWNER[S]. THERE IS NO RIGHT TO CURE THE DEFAULT OR
> ANY RIGHT OF REDEMPTION AFTER THAT TIME. IF THE DEFAULT
> IS SO CURED, THE PUBLIC SALE SHALL BE CANCELED.

(Am. Compl. at ¶ 14; Notice of Association's Non-Judicial Foreclosure Under Power of Sale, attached as Ex. C to Kogen's Mot. for Summ. Judgment, ECF No. 14.)

The Complaint states that, in mid-April, in a conversation with Plaintiff, an AOAO Board Member, Randall Plunkett, orally agreed to postpone the May 28, 2013 sale date. Plaintiff claims that Plunkett instructed him to await the AOAO's response to his November Offer, and then submit a new offer. According to Plaintiff, Plunkett assured Plaintiff that the AOAO would accept Plaintiff's new offer and agree to a payment plan to cure Plaintiff's delinquency. (Am. Compl. at ¶ 16.)

Plaintiff alleges that another AOAO Board Member, Joseph Gamboa, later spoke with him and provided him with the same information. (Am. Compl. at ¶ 16.) The Complaint does not detail the circumstances of the conversations, nor does it address

whether any details regarding Plaintiff's "new offer" were discussed.

On or about May 6, 2013, Porter McGuire, on behalf of the AOAO, sent Plaintiff a Letter. The Letter rejected Plaintiff's November 2012 Offer to pay an additional $400 per month. In the Letter, the AOAO stated that Plaintiff owed $28,202.16, and offered Plaintiff a payment plan that provided for the satisfaction of the delinquency within one year. The AOAO's payment plan required Plaintiff to make a down payment of $10,000 by May 16, 2013, followed by monthly payments of over $1500, not including maintenance fees. (Am. Compl. ¶ 18; Letter from Porter McGuire to Plaintiff, dated May 6, 2013, attached as Ex. F to Kogen's Mot. for Summ. Judgment, ECF No. 14.)

The Letter instructed Plaintiff to accept the payment plan by executing a copy of the Letter and returning it to Porter McGuire with the $10,000 down payment by May 16, 2013. (Id.)

On May 14, 2013, Plaintiff submitted a counteroffer to the AOAO, via a Letter to Porter McGuire. Plaintiff offered to pay the monthly assessment and an additional $300 per month toward his delinquency of $28,202.16. Plaintiff also offered to perform volunteer work, and expressed a willingness to renegotiate his payment plan once he secured employment. (Am. Compl. at ¶ 19; Letter from Plaintiff to Porter McGuire, dated May 14, 2013,

attached as Ex. G to Kogen's Mot. for Summ. Judgment, ECF No. 14.)

The Complaint alleges that Porter McGuire received Plaintiff's Counteroffer on May 16, 2013, but failed to communicate it to the AOAO until after the May 28, 2013 foreclosure sale. (Am. Compl. at ¶¶ 20-21.)

On May 28, 2013, Plaintiff's Unit was sold at public auction to Defendant Jonah Kogen for $30,000. Plaintiff alleges that he learned of the sale the following day, from Defendant Kogen. (Am. Compl. at ¶¶ 23-24.)

According to the Complaint, at the first AOAO Board meeting following the sale, the AOAO formally approved Plaintiff's May 2013 Counteroffer and decided to rescind the sale to Defendant Kogen. Plaintiff claims that the AOAO, through Porter McGuire, attempted to rescind the sale, but Defendant Kogen refused. (Am. Compl. at ¶¶ 25-27.)

Plaintiff claims that, due to the threat of a lawsuit from Kogen, the AOAO and Porter McGuire decided not to rescind the sale. (Am. Compl. at ¶ 28.)

The AOAO and Defendant Kogen subsequently executed a Quitclaim Deed, which was recorded on September 3, 2013. (Quitclaim Deed, attached as Ex. E to Kogen's Mot. for Summ. Judgment, ECF No. 14.)

Plaintiff alleges that he refused to vacate the unit, as he contests the validity of the July 2013 Quitclaim Deed. (Am. Compl. at ¶ 37.)

On September 24, 2013, Defendant Kogen filed a Complaint for Summary Possession in the State of Hawaii District Court, No. 1RC13-1-6611, seeking a writ of possession. The action was subsequently dismissed for lack of jurisdiction, due to the dispute over title. (Order Dismissing Kogen's Complaint, Nov. 25, 2013, attached as Ex. E to Plaintiff's Opp. to Summ. Judgment, ECF No. 40.)

On October 29, 2013, Plaintiff filed this action. Plaintiff claims that he was lulled into inaction based on the AOAO Board Members Plunkett and Gamboa's representations, in individual conversations with Plaintiff, that the foreclosure sale would be postponed and that the AOAO would accept Plaintiff's May 2013 Counteroffer.

Plaintiff alleges the following claims:

| Claim | Alleged Against |
|---|---|
| **Count I:** Breach of Governing Documents | **AOAO** |
| **Count II:** Breach of Fiduciary Duty | **AOAO** |
| **Count III:** Breach of Contract | **AOAO** |

| | |
|---|---|
| **Count IV:** Promissory Estoppel/ Detrimental Reliance/ Negligent an Intentional Misrepresentation | **AOAO** |
| **Count V:** Violation of Haw. Rev. Stat. Ch. 514A and 514B | **AOAO** |
| **Count VI:** Tortious Interference with Contractual Relations | **AOAO** **Associa** **Porter Mcguire** **Jonah Kogen** |
| **Count VII:** Violation of Haw Rev. Stat. Ch. 667 | **AOAO** **Associa** |
| **Count VIII:** Cancellation of Quitclaim Deed | **AOAO** **Jonah Kogen** |
| **Count IX:** Quiet Title | **Jonah Kogen** |
| **Count X:** Violation of Haw. Rev. Stat. Ch. 480D | **Associa** **Porter McGuire** |
| **Count XI:** Violation of Haw. Rev. Stat. Ch. 443B | **Porter McGuire** |
| **Count XII:** Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 | **Porter McGuire** |
| **Count XIII:** Violation of Haw. Rev. Stat. Ch. 480 | **AOAO** **Associa** **Porter Mcguire** |
| **Count XIV:** Negligence | **AOAO** **Associa** **Porter McGuire** |
| **Count XV:** Wrongful Eviction | **Jonah Kogen** |

| Count XVI:<br>Negligent Infliction of<br>Emotional Distress[1] | AOAO<br>**Associa**<br>**Porter McGuire** |
|---|---|
| Count XVII:<br>Injunctive Relief to Prohibit<br>Wrongful Eviction of Plaintiff | **Unspecified Defendants** |
| Count XVIII:<br>Declarative Relief[2] | **Unspecified Defendants** |
| Count XIX:<br>Prima Facie Tort | AOAO<br>**Associa**<br>**Porter McGuire**<br>**Jonah Kogen** |

**STANDARDS OF REVIEW**

I.   **MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal where a complaint fails "to state a claim upon which relief can be granted." Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1225 (9th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. Rule 8(a)(2). Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an

---

[1]   Although Count XVI is entitled "Negligent Infliction of Emotional Distress," the Count alleges claims for both intentional and negligent infliction of emotional distress against the AOAO and Associa.

[2]   Counts VIII, XVII, and XVIII of the Amended Complaint are styled as separate causes of action, but they are actually requests for specific remedies.

unadorned, the-defendant-unlawfully-harmed-me-accusation."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic
Corporation v. Twombly, 550 U.S. 544, 555 (2007)). A pleading
must provide "more than labels and conclusions, and a formulaic
recitation of the elements of a cause of action." The factual
allegations in a pleading "must be enough to raise a right to
relief above the speculative level." Twombly, 550 U.S. at 555.

A complaint survives a motion to dismiss when it contains
sufficient factual matter, accepted as true, to state a claim for
relief that is plausible on its face. Iqbal, 556 U.S. at 678
(quoting Twombly, 550 U.S. at 570). A claim is facially plausible
when the factual content of the complaint allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged. The plausibility standard does not
require probability, but it requires "more than a sheer
possibility that a defendant has acted unlawfully." Id. (quoting
Twombly, 550 U.S. at 556). A complaint that pleads facts that are
"merely consistent with" a defendant's liability "stops short of
the line between possibility and plausibility of 'entitlement to
relief.'" Id. (quoting Twombly, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion to dismiss, the
Court must presume all allegations of material fact to be true
and draw all reasonable inferences in favor of the non-moving
party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The

Court need not accept as true, however, allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)(documents attached to the complaint and matters of public record may be considered on a motion to dismiss).

## II.  MOTION FOR A MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure 12(e) provides that a motion for a more definite statement is appropriate when a pleading, to which a responsive pleading is allowed, "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

A motion for more definite statement is used to provide a remedy for an unintelligible pleading rather than a correction for lack of detail. See Comm. for Immigrant Rights of Sonoma Cnty. v. Cnty. of Sonoma, 644 F. Supp. 2d 1177, 1191 (N.D. Cal.2009).  When a pleading lacks detail and fails to state a claim for relief, the pleading is properly analyzed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Wright & Miller, 5C FEDERAL PRACTICE & PROCEDURE § 1376, at n.8 (3d ed.)

The class of pleadings that is appropriate subject for a Rule 12(e) motion is small. The pleading must be sufficiently

intelligible for the court to make out one or more potentially viable legal theories so as to survive a Rule 12(b)(6) motion to dismiss, while also being so vague or ambiguous that the opposing party cannot respond as permitted by Rule 8(b). A Rule 12(e) motion may be appropriate when a plaintiff's claims are not divided into separate counts based on each separate transaction or occurrence, as required by Federal Rule of Civil Procedure 10(b). Wright & Miller, 5C FEDERAL PRACTICE & PROCEDURE § 1324, at n.54 (3d ed.).

A court may act under Rule 12(b)(6) or Rule 12(e) where a pleading is impermissibly vague, regardless of how the motion is denominated. 5C Fed. Prac. & Proc. Civ. § 1376, at n.8.

## III. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."

T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d
626, 630 (9th Cir. 1987)(citing Celotex Corp. v. Catrett, 477
U.S. 317, 323 (1986)). The moving party, however, has no burden
to negate or disprove matters on which the opponent will have the
burden of proof at trial. The moving party need not produce any
evidence at all on matters for which it does not have the burden
of proof. Celotex, 477 U.S. at 325. The moving party must show,
however, that there is no genuine issue of material fact and that
he or she is entitled to judgment as a matter of law. That
burden is met by pointing out to the district court that there is
an absence of evidence to support the non-moving party's case.
Id.

If the moving party meets its burden, then the opposing
party may not defeat a motion for summary judgment in the absence
of probative evidence tending to support its legal theory.
Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282
(9th Cir. 1979). The opposing party must present admissible
evidence showing that there is a genuine issue for trial. Fed. R.
Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044,
1049 (9th Cir. 1995). "If the evidence is merely colorable, or is
not significantly probative, summary judgment may be granted."
Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. <u>State Farm Fire & Casualty Co. v. Martin</u>, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); <u>Celotex</u>, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); <u>T.W. Elec. Serv.</u>, 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); <u>Gasaway v. Northwestern Mut. Life Ins. Co.</u>, 26 F.3d 957, 959-60 (9th Cir. 1994). When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993); <u>see also</u> <u>Nat'l Steel Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir. 1997).

## **ANALYSIS**

I.   **FIRST MOTION: DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF OPUA HALE PATIO HOMES AND ASSOCIA HAWAII'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT (ECF No. 7)**

Defendants **Association of Apartment Owners of Opua Hale Patio Homes ("AOAO")** and **Associa Hawaii ("Associa")**, the

condominium's management company, move to dismiss the following claims:

**Count II:**   Breach of Fiduciary Duty;

**Count III:**  Breach of Contract;

**Count VI:**   Tortious Interference with Contractual Relations;

**Count VII:**  Violation of Haw. Rev. Stat. Ch. 667;

**Count XIII:** Violation of Haw. Rev. Stat. Ch. 480;

**Count XVI:**  Negligent and Intentional Infliction of Emotional Distress; and

**Count XIX:**  Prima Facie Tort.


Defendant **AOAO** moves for a more definite statement as to the following claims:

**Count I:**  Breach of Governing Documents;

**Count IV:** Promissory Estoppel/Detrimental Reliance/Negligent and Intentional Misrepresentation;

**Count V:**  Violation of Haw. Rev. Stat. Ch. 514A and 514B; and any remaining claims.


It is Defendants **AOAO and Associa's** position that **Count X** (Violation of Haw. Rev. Stat. Ch. 480D) is not directed against the **AOAO**, and that the following Counts are not directed against either of them:

**Count IX:**  Quiet Title;

**Count XI:**  Violation of Haw. Rev. Stat. Ch. 443B;

20

**Count XII:**   Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692;

**Count XV:**   Wrongful Eviction;

**Count XVII:**   Injunctive Relief; and

**Count XVIII:** Declaratory Relief.

Defendants **AOAO** and **Associa** claim that **Counts IX, XV, XVII, and XVIII** cannot apply to them as a matter of law and request the court to dismiss those claims against them, with prejudice.


Defendants **AOAO** and **Associa's** Motion does not address:

**Count XIV:** the negligence claims, alleged against the **AOAO** and **Associa**; nor

**Count X**:   the claim for violation of Haw. Rev. Stat. Ch. 480D, alleged against **Associa**.


**Count I: Breach of Governing Documents Claim Against the AOAO**

Plaintiff, in Count I of the Amended Complaint, alleges that the AOAO breached its governing documents. (Am. Compl. at ¶¶ 39-42.) The claim is not alleged against Associa.

Defendant AOAO moves for a more definite statement of Count I. (AOAO & Associa's Motion at 21, ECF No. 7.)

The allegations do not specify which governing documents are at issue, or what portions of those documents were allegedly breached.

The Court finds the claim alleged in Count I lacks sufficient detail to state a claim, and is appropriately analyzed pursuant to Federal Rule of Civil Procedure 12(b)(6). Wright & Miller, 5C FEDERAL PRACTICE & PROCEDURE § 1376, at n.8 (3d ed.)(the court may act pursuant to Rule 12(b)(6) or Rule 12(e), without regard to how the motion is denominated).

Plaintiff's claim for breach of governing documents, alleged in **Count I** of the Amended Complaint, is **DISMISSED WITH LEAVE TO AMEND** as to the **AOAO.**


## Count II: Breach of Fiduciary Duty Claim Against the AOAO

Plaintiff, in Count II of the Amended Complaint, alleges a claim for breach of fiduciary duties against the AOAO. Plaintiff alleges that the AOAO breached its duties by failing to promptly review and communicate its response to Plaintiff's payment offers, failing to ensure that Porter McGuire's attorneys' fees were reasonable, failing to ensure that Associa and Porter McGuire postponed or cancelled the sale, and failing to rescind the sale of the Unit to Defendant Jonah Kogen. (Am. Compl. at ¶¶ 43-50.)

Count II is not alleged against Associa.

Defendant AOAO moves to dismiss on the ground that the AOAO does not owe Plaintiff a fiduciary duty. (AOAO & Associa's Motion at 9-14, ECF No. 7.)

## 1.    The AOAO Does Not Owe a Fiduciary Duty to its Individual Members

Hawaii law provides that "[e]ach *director shall* owe the association of apartment owners a fiduciary duty in the performance of the director's responsibilities." Haw. Rev. Stat. § 514A-82.4; Haw. Rev. Stat. § 514B-106(a)("officers and members of the board shall owe the association a fiduciary duty").

The Hawaii Intermediate Court of Appeals, in interpreting the above statutes, has held that only the individual directors of the board may be liable for breach of fiduciary duty, but not the association itself. <u>Ass'n of Apartment Owners of 2987 Kalakaua ex rel. its Bd. of Dirs. v. Dubois</u>, 190 P.3d 869 (Haw. Ct. App. 2008)(unpublished).

In <u>Rosczewski v. AOAO Golf Villas</u>, No. 12-1-1014(2), a Second Circuit Court of the State of Hawaii Judge reached the same conclusion. (Tr. of Hearing on Motion to Dismiss, Nov. 15, 2013, attached as Ex. B to AOAO & Associa's Motion, ECF No. 7.) The decision in <u>Rosczewski</u> dismissed, with prejudice, a unit owner's claim for breach of fiduciary duty against an association of apartment owners, as an association of apartment owners does not owe a fiduciary duty to its individual members under Hawaii law. The State Judge held that it would be illogical for the association of apartment owners to owe a fiduciary duty to its individual members, as the association was comprised of its members and would then owe themselves a fiduciary obligation. The

State Judge refused to dismiss the breach of fiduciary duty claim as to the individual directors, finding the issue required further factual development. (Id. at 10.)

Plaintiff relies on Lee v. Puamana Community Ass'n, 128 P.3d 874 (Haw. 2006) for the proposition that the AOAO owes a fiduciary duty to its individual members. In Lee, plaintiffs alleged that a community association and its board wrongfully transferred portions of common space to individual unit owners. Plaintiff specifically relies on the following quote from Lee:

> "[O]ther courts have stated that nonuniform amendments and amendments that breach any fiduciary duties owed by an association to its members are invalid unless approved by every member whose interest is adversely affected. See Brockway, 615 S.E.2d at 185 ("With respect to nonuniform amendments to the declaration and other amendments that violate the community's duties to its members under § 6.13 of the restatement, the restatement provides that those amendments 'are not effective without the approval of members whose interests would be adversely affected unless the declaration fairly apprises purchasers that such amendments may be made.'")(citing Restatement (Third) of Property: Servitudes § 6.10).

Lee, 128 P.3d at 884.

Plaintiff's reliance on Lee fails for two reasons. First, the Hawaii Supreme Court in Lee specifically differentiated the law of planned community associations, at issue in Lee, from condominium law. Condominium law, which is at issue here, is a creature of statute, whereas the former is primarily a creature of common law. Lee, 128 P.3d at 888.

24

Second, <u>Lee</u> discussed courts that have recognized fiduciary duties owed by an association to its members in the context of amending an association's bylaws in ways that do not uniformly affect all units. <u>Id.</u> at 884. It is true that some courts have recognized a fiduciary duty owed by an association when it acts in a quasi-governmental function, such as maintenance and repair of public areas and utilities, sanitation, or zoning. <u>See</u> <u>Cohen v. Kite Hill Community Ass'n</u>, 142 Cal. App. 3d 642, 647-654 (Cal. Ct. App. 1983); <u>Ritter & Ritter, Inc. v. Churchill Condominium Ass'n</u>, 166 Cal. App. 4th 103, 127 (Cal. Ct. App. 2008)(failure to remedy safety hazard in unit); <u>Posey v. Leavitt</u>, 229 Cal. App. 3d 1236, 1246 (Cal. Ct. App. 1991)(approval of an encroachment into a common area that impairs the easements of other owners over the common area).

Plaintiff's claims, here, are not based on a quasi-governmental action of the AOAO. They are based on the AOAO's actions with respect to Plaintiff's failure to pay his maintenance fees. Plaintiff's claims are more akin to those brought by a lender against a borrower, a relationship in which a fiduciary duty does not exist. <u>Marzan v. Bank of Am.</u>, 779 F. Supp. 2d 1140, 1153-54 (D. Haw. 2011).

### 2. Absence of Special Circumstances Giving Rise to a Fiduciary Duty

Plaintiff attaches an Appendix to his Opposition, describing cases that purportedly support the position that an association owes a fiduciary duty to individual members. (Opp. to AOAO & Associa's Motion at 19 n.62, App'x A, ECF No. 38.)

The cases described in the Appendix are from jurisdictions other than Hawaii and are not binding on this court. The cases also impose a fiduciary duty in circumstances that are inapposite from the circumstances here, such as when an association acts in a quasi-governmental function, or where the bylaws specifically establish a fiduciary duty. In <u>Sassan v. Tanglegrove Townhouse Condo. Ass'n</u>, 877 S.W.2d 489, 491-92 (Tex. Ct. App. 1994), for example, the bylaws stated that the association acted as the owner's attorney in dealing with destroyed property and had exclusive authority to repair the condominium. The association was specifically acting as an agent for the unit owner in the context of the repair. <u>Id.</u>

Plaintiff fails to allege special circumstances that would establish that the AOAO owed him a fiduciary duty.

### 3. The AOAO's Primary Obligation is to the Condominium Members as a Whole

Plaintiff asks the Court to find that the AOAO owes him a fiduciary duty that trumps the interests of all the owners, as a whole.

Even if the AOAO did owe Plaintiff a fiduciary duty, the AOAO could not be obligated to place Plaintiff's interests above those interests of the members of the whole. <u>See</u> <u>Chambless v. Officers & Dirs. of Snapper Creek</u>, 743 So. 2d 129 (Fla. Dist. Ct. App. 1999)(granting summary judgment in favor of homeowner's association and its officers where association's construction of a guardhouse, which was desired by a majority of the community, reduced the value of plaintiff's property)("[The association had] a general obligation to protect the property of *all* the members of the association, and no the property of one member in particular, to the exclusion of the others."); <u>Smith v. Ridgeview Homeowner's Ass'n</u>, No. 19-10-707, 2011 WL 1743787 (Minn. Ct. App. May 9, 2011).

The statute recognizing the fiduciary duty of a director, Haw. Rev. Stat. § 514A-82.4, specifically provides that the duty is owed to the whole association, and not the individual members. The AOAO's duty to the condominium owners as a whole, to collect Plaintiff's unpaid assessments, would supersede any duty to Plaintiff in this context.

Plaintiff fails to provide authority for his position that the AOAO itself, as opposed to its individual directors, can be liable for breach of fiduciary duty in the context of Plaintiff's claims.

Plaintiff's claim for breach of fiduciary duty, alleged in **Count II** of the Amended Complaint, is **DISMISSED WITH PREJUDICE** as to the **AOAO.**


### Count III: Breach of Contract Claim Against the AOAO

Plaintiff, in Count III of the Amended Complaint, alleges claims for breach of contract against Defendant AOAO. Plaintiff alleges that the AOAO breached agreements with Plaintiff to postpone the foreclosure sale and to rescind the foreclosure sale. (Opp. to AOAO & Associa's Motion at 9-13, ECF No. 38.) Plaintiff's position is based on his beliefs that (1) a discussion he had with an AOAO board member, Randall Plunkett, in April 2013 created a contract to postpone the foreclosure sale and to accept Plaintiff's payment plan; and (2) the AOAO Board accepted his offer, after the foreclosure sale, which created a contract obligating the AOAO to rescind the sale.

Defendant AOAO moves to dismiss Plaintiff's breach of contract claims.

### 1. Failure to Postpone the Foreclosure Sale

#### a. Lack of Authority to Contract

Plaintiff alleges that, on or about April 12, 2013, AOAO Board Member Randall Plunkett had a conversation with Plaintiff and "promised and agreed" to postpone the date of the foreclosure sale, and enter into a payment plan with Plaintiff. Plaintiff alleges that another AOAO Board Member, Joseph Gamboa, and Plaintiff had a later conversation and confirmed the information provided by AOAO Board Member Plunkett. (Am. Compl. at ¶ 16.)

As individual board members, Plunkett and Gamboa, had no authority to enter into an agreement on behalf of the AOAO. A majority vote of the five-member AOAO Board would be required to authorize any action by the AOAO with respect to the foreclosure of Plaintiff's Unit. As acknowledged by Plaintiff in the Amended Complaint, the AOAO could not act without formal action by the AOAO Board.

Plaintiff does not allege that the majority of the AOAO Board voted to postpone the foreclosure sale. Plaintiff's breach of contract claims fails as a matter of law, as a valid contract with the AOAO could not be formed simply by Plaintiff having had discussions with two individual AOAO Board Members, Plunkett and Gamboa.

#### b. Lack of Defined Terms

A party seeking to establish an oral contract must prove its existence and its terms by clear and convincing evidence. Boteilho v. Boteilho, 564 P.2d 144 (Haw. 1977); Pedrina v. Chun, 906 F. Supp. 1377, 1418 (D. Haw. 1995) aff'd, 97 F.3d 1296 (9th Cir. 1996). The terms of the contract must be stated with sufficient definiteness to be enforceable. A mere expression of intent is insufficient. Fyffe v. Hue, 310 P.3d 1050 (Haw. Ct. App. 2010)(agreement to purchase property "subject to financing" is legally unenforceable, as it fails to specify essential terms, such as the time and manner of payment); Eckerle v. Deutsche Bank Nat'l Trust, No. 10-00474, 2011 WL 4971128, at *4 (D. Haw. Oct. 18, 2011)(contract unenforceable where a plaintiff fails to allege the specific terms of the contract).

According to the Amended Complaint, on April 12, 2013, AOAO Board Member Plunkett "promised and agreed" to postpone the date of the foreclosure sale. Plaintiff alleges that, pursuant to the agreement, Plaintiff would wait until the AOAO responded to his November 2012 offer, and submit a new offer, which the AOAO would accept. (Am. Compl. at ¶ 16.) Plaintiff does not allege that any terms of his "new offer" were discussed.

The alleged agreement to postpone the foreclosure sale lacks essential terms, such as the terms of the allegedly agreed upon payment plan.

Communications between Plaintiff and the AOAO, following the alleged April 2013 agreement, support finding that essential terms of the agreement were not reached. In a Letter from the AOAO's law firm to Plaintiff, dated May 6, 2013, the AOAO rejected Plaintiff's November 2012 offer and provided a counteroffer. The AOAO's counteroffer provided for the satisfaction of Plaintiff's $28,202.616 delinquency in one year.

Plaintiff, in a Letter to the AOAO, dated May 14, 2013, rejected the AOAO's counteroffer and proposed his own counteroffer, with significantly different terms. Plaintiff proposed that he pay $300 per month toward the delinquency and perform volunteer work.

The difference in the terms of the payment plans proposed by the AOAO and Plaintiff, in May 2013, undermines Plaintiff's assertion that he and AOAO Board Member Plunkett had agreed to a payment plan during their April 2013 conversation.

The alleged agreement to postpone the foreclosure sale lacks essential terms and is unenforceable. Plaintiff's breach of contract claim fails as a matter of law.

### c.    Statute of Frauds

Pursuant to Hawaii's Statute of Frauds, a contract for land, or any interest therein, must be in writing and signed. Haw. Rev. Stat. § 656-1(4). A forbearance agreement allowing a debtor

additional time to make a payment or cure a default before a foreclosure sale is subject to the statute of frauds. Eckerle v. Deutsche Bank Nat'l Trust, No. 10-00474, 2011 WL 4971128, at *3-4 (D. Haw. Oct. 18, 2011)(granting summary judgment to lender on borrower's claim that lender breached a loan modification agreement by foreclosing upon his property, as the borrower failed to produce any writing evidencing the alleged loan modification agreement). An alleged oral forbearance agreement is unenforceable. N. Trust, NA v. Wolfe, No. 11-00531, 2012 WL 1983339, at *22 (D. Haw. May 31, 2012)(dismissing breach of contract claim with prejudice).

The alleged oral agreement to postpone the foreclosure sale is subject to the statute of frauds, and is unenforceable.

Plaintiff claims that the doctrine of part performance take his alleged agreement with AOAO Board Member Plunkett out of the statute of frauds. (Opp. to AOAO & Associa's Motion at 10-12, ECF No. 38.)

In limited circumstances, the doctrine of part performance may permit enforcement of an oral contract that the statute of frauds requires to be in writing. The party seeking to enforce the contract must have acted to his or her detriment in substantial reliance on the contract. McIntosh v. Murphy, 469 P.2d 177 (Haw. 1970). The Hawaii Supreme Court has set forth three factors for determining whether acts constituting part

performance are sufficient to free a promise from the statute of fraud requirements: (1) the acts must be pursuant to the contract; (2) the acts must be undertaken with the knowledge and consent of the other party; and (3) the acts must be such that to allow the other party to repudiate would be a fraud upon the plaintiff. <u>Pedrina v. Chun</u>, 906 F. Supp. 1377, 1418 (D. Haw. 1995) aff'd, 97 F.3d 1296 (9th Cir. 1996)(citing <u>Perreira v. Perreira</u>, 447 P.2d 667 (Haw. 1968)).

Courts, however, are reluctant to circumvent the requirements of the statute of frauds. The doctrine of part performance will only take a contract out of the statute of frauds where the part performance is unequivocally referable to the alleged parol agreement, and cannot be explained without reference to the agreement. The acts constituting part performance "must clearly appear to have been done in pursuance of the contract, and to result from the contract and not from some other relation." <u>Rossiter v. Rossiter</u>, 666 P.2d 617, 621 (Haw. App. Ct. 1983)(internal quotations omitted).

Forbearance to exercise a right is good consideration for a promise. Mere proof of forbearance by the party seeking to enforce an agreement, however, is insufficient to remove a verbal agreement from the statute of frauds, pursuant to the doctrine of part performance. Forbearance must have been primarily and substantially motivated by, and in pursuance of the oral

agreement. <u>Shannon v. Waterhouse</u>, 563 P.2d 391, 394 (Haw. 1977); <u>Pedrina</u>, 906 F.Supp. at 1418.

Plaintiff claims that he acted in accordance with the terms of his alleged agreement with AOAO Board Member Plunkett when he awaited the rejection of his November 2012 offer and submitted a counteroffer. (Opp. to AOAO & Associa's Motion at 10-12, ECF No. 38.) AOAO Board Member Plunkett did not have authority to agree, on behalf of the AOAO, to postpone the foreclosure sale of Plaintiff's Unit. Plaintiff cannot rely on the doctrine of part performance, as Plaintiff fails to allege that his actions were primarily or substantially motivated by his agreement with AOAO Board Member Plunkett. Plaintiff also fails to allege sufficient terms of the agreement to show part performance of those terms.

Plaintiff's claim for breach of the alleged oral contract to postpone the foreclosure sale is barred by the statute of frauds.

### 2.    Failure to Rescind the Sale

Plaintiff claims that, after the foreclosure sale, the AOAO held a formal meeting and accepted Plaintiff's offer to pay a monthly amount toward the delinquency, and "perform whatever volunteer work . . . that the AOAO might designate." (Am. Compl. at ¶¶ 19, 25.) Plaintiff claims that the AOAO's acceptance of the payment plan, after the foreclosure sale, created a contract, which obligated the AOAO to rescind the sale.

Even if the majority of the AOAO Board had voted to accept Plaintiff's payment plan after the May 28, 2013 foreclosure sale, a valid contract was not formed.

Haw. Rev. Stat. § 667-97(d) provides that a default may be cured "no later than three business days before the date of the public sale of the unit . . . There is *no right to cure the default or any right of redemption after that time*." Haw. Rev. Stat. § 667-97(d)(emphasis added). A default may cured by paying the entire amount owed to the association, including attorney's fees and costs, unless otherwise agreed to between the association and unit owner. Id.

Plaintiff's default was not cured within the time permitted by the statute, three days prior to the foreclosure sale. After the foreclosure sale occurred, Plaintiff had no right to cure the default or enter an agreement with the AOAO regarding the default. See Brubach v. OneWest Bank, No. 11-5044, 2012 WL 3065318 (W.D. Wash. July 27, 2012)(no right to cure default after statutory time period expires under California's non-judicial foreclosure statute); Brandrup v. ReconTrust Co., N.A., 303 P.3d 301, 306 (Or. 2013)(no right to cure default or redeem property after nonjudicial foreclosure sale under Oregon law). Plaintiff's alleged payment plan with the AOAO also lacks sufficient definiteness to create a legally enforceable contract.

There is no basis for Plaintiff's claim that the AOAO breached an obligation to rescind the foreclosure sale.

Plaintiff places great weight on his allegation that the AOAO initially sought to rescind the sale to Defendant Kogen, but later opted to complete the sale. An initial attempt to rescind the sale by the AOAO does not create a legal obligation to rescind the sale.

Plaintiff fails to allege a claim for breach of contract based on the AOAO's failure to rescind the sale to Defendant Kogen.

Plaintiff's claims for breach of contract, alleged in **Count III** of the Amended Complaint, fail as a matter of law. The claims are **DISMISSED WITH PREJUDICE** as to the **AOAO.**

## Count IV: Promissory Estoppel/Detrimental Reliance/Negligent and Intentional Misrepresentation Claims Against the AOAO

Plaintiff, in Count IV of his Amended Complaint, alleges a claim for "Promissory Estoppel/Detrimental Reliance/Negligent and Intentional Misrepresentation" against the AOAO. (Am. Compl. at ¶ 55-60.) The claim is not alleged against Associa.

Defendant AOAO moves for a more definite statement as to Count IV.

Plaintiff attempts to allege at least three different causes of action in Count IV of the Amended Complaint. One of the claims, the intentional misrepresentation claim, must be pled with particularity, pursuant to Federal Rule of Civil Procedure 9(b). Plaintiff fails to identify the factual basis for each cause of action.

Plaintiffs claims for promissory estoppel, detrimental reliance, and negligent and intentional misrepresentation, alleged in **Count IV** of the Amended Complaint, are **DISMISSED WITH LEAVE TO AMEND** as to the **AOAO.** Plaintiff must separate and flesh out the various claims alleged in Count IV, as required by Federal Rule of Civil Procedure 10(b), to permit Defendant AOAO to meaningful respond to the claims.


**Count V: Claims for Violation of Haw. Rev. Stat. Ch. 514A and 514B Against the AOAO**

Plaintiff, in Count V of the Amended Complaint, alleges violations of the Hawaii statutes governing condominium associations, Haw. Rev. Stat. Chs. 514 A and 514B. (Am. Compl. at ¶¶ 61-64.) Count V is not alleged against Associa.

Defendant AOAO moves for a more definite statement as to Count V.

Plaintiff fails to identify which statutory provisions the AOAO has allegedly violated. Plaintiff's broad and vague allegations fail to state a claim.

Plaintiff's claim for violations of Haw. Rev. Stat. Ch. 514A and 514B, alleged in **Count V** of the Amended Complaint, are **DISMISSED WITH LEAVE TO AMEND** as to the **AOAO**. Plaintiff must allege the specific statutory provisions that the AOAO has violated and the factual basis for the alleged violations.

## Count VI: Tortious Interference with Contractual Relations Claims Against the AOAO and Associa

Plaintiff, in his Opposition, conceded that the claims for tortious interference with contractual relations alleged in Count VI of the Amended Complaint are not charged against the AOAO and Associa. Plaintiff's Opposition states that the tortious interference claims are directed toward Defendants Porter McGuire and Kogen. (Opp. at 30, ECF No 38.)

Plaintiff's claims for tortious interference with contractual relations, alleged in **Count VI** of the Amended Complaint, are **DISMISSED WITH PREJUDICE** as to Defendants **AOAO** and **Associa.**

## Count VII: Violation of Haw. Rev. Stat. Ch. 667 Claims Against the AOAO and Associa

Plaintiff, in Count VII of his Amended Complaint, alleges that Defendants AOAO and Associa violated Haw. Rev. Stat. Ch. 667. Plaintiff claims that, as a result of the violation, the foreclosure sale is void. (Am. Compl. at ¶¶ 73-81.)

### 1. Wrongful Foreclosure Arising from a Violation of the Statutes Governing Foreclosure by a Condominium Association

Defendants AOAO and Associa claim that the section of Haw. Rev. Stat. Ch. 667 governing foreclosure by a condominium association, Haw. Rev. Stat. §§ 667-91 to 667-104, cannot provide Plaintiff with an independent cause of action. (AOAO & Associa's Motion at 20, ECF No. 7.)

Courts have construed alleged violations of Haw. Rev. Stat. Ch. 667 as wrongful foreclosure claims. See Swartz v. City Mortg., Inc., 911 F.Supp.2d 916, 947 (D. Haw. 2012); Dias v. Fed. Nat'l Mortgage Ass'n, No. 12-00394, 2013 WL 6894453, at *11 (D. Haw. Dec. 31, 2013). It is true that Swartz and Dias alleged violations of a different section of Haw. Rev. Stat. Ch. 667, and not the section governing foreclosures by a condominium association, Haw. Rev. Stat. §§ 667-91 to 667-104. There has been no ruling, however, that limits a plaintiff from bringing a wrongful foreclosure claim based on such a violation.

### 2. Failure to Allege a Violation of Haw. Rev. Stat. Ch. 667

Although it might be possible to allege a wrongful foreclosure claim based on a violation of Haw. Rev. Stat. §§ 667-91 to 667-104, Plaintiff fails to allege a violation of the statutes by the AOAO and Associa.

The Complaint generally alleges that the AOAO violated the statute by completing the non-judicial foreclosure, despite the alleged agreements to postpone and rescind the foreclosure sale. (Am. Compl. at ¶¶ 75-82.) The alleged agreements were not legally enforceable and cannot support a violation of Haw. Rev. Stat. Ch. 667.

Plaintiff claims that the AOAO and Associa violated Haw. Rev. Stat. Ch. 667 by failing to provide an accurate itemization of Plaintiff's delinquency. (Am. Compl. at ¶ 74.)

Plaintiff fails to allege the factual basis for the assertions and fails to identify how the assertions establish a violation of Haw. Rev. Stat. 667.

Plaintiff's claims for violation of Haw. Rev. Stat. Ch. 667, alleged in **Count VII** of the Amended Complaint, are **DISMISSED WITH LEAVE TO AMEND** as to Defendants **AOAO** and **Associa**. An amended claim cannot be based on the alleged agreements to postpone or rescind the foreclosure sale.

**Count VIII: Request for Cancellation of Quitclaim Deed as to the AOAO and Associa**

Plaintiff, in Count VIII of the Amended Complaint, requests an adjudication that the Quitclaim Deed conveying the Unit to Defendant Kogen is void. (Am. Compl. at ¶¶ 83-84.)

Defendants AOAO and Associa move to dismiss the claim, as cancellation of a quitclaim deed is not an independent cause of action. (Opp. to AOAO & Associa's Motion at 20-21, ECF No. 7.)

Plaintiff's request for cancellation of the Quitclaim Deed is a form of relief that may be awarded if Plaintiff prevails on a claim that voids the foreclosure sale and the conveyance of the Unit to Defendant Kogen. Cancellation of quitclaim deed is not an independent cause of action. See Kekona v. Abastillas, 150 P.3d 823, 831 (2006)(cancellation of quitclaim deed may be appropriate remedy for prevailing on a claim for fraud); OneWest Bank FSB v. Hoilien, 279 P.3d 79 (Haw. Ct. App. 2012)(denying appellant's request for cancellation of quitclaim deed, as foreclosure sale of appellant's property was not void).

Plaintiff's claim for cancellation of quitclaim deed, alleged in **Count VIII** of the Amended Complaint, **IS NOT A CAUSE OF ACTION**.


**Count IX: Quiet Title Claim Against the AOAO and Associa**

Plaintiff's quiet title claim, alleged in Count IX of the Amended Complaint, is not alleged against Defendants AOAO and Associa.

Defendants AOAO and Associa do not claim to have title to Plaintiff's Unit.

Plaintiff's claim for quiet title, alleged in **Count IX** of the Amended Complaint, is **DISMISSED WITH PREJUDICE** as to Defendants **AOAO** and **Associa**.

**Count X: Violation of Haw. Rev. Stat. Ch. 480D Claim Against Associa**

Plaintiff, in Count X of his Amended Complaint, alleges a claim for violation of Haw. Rev. Stat. Ch. 480D against Defendant Associa. Count X is not alleged against Defendant AOAO.

Haw. Rev. Stat. 480D regulates the conduct of debt collectors in collecting consumer debt. A debt collector is defined as any person who "in the regular course of business collects or attempts to collect consumer debts owed or due or asserted to be owed or due to the collector." Haw. Rev. Stat. § 480D-2. The statute prohibits debt collectors from engaging in unfair and deceptive practices, including the use of threats or attempting to collect unauthorized fees. Haw. Rev. Stat. § 480D-3.

Plaintiff alleges that Associa violated Haw. Rev. Stat. Ch. 480D by attempting to recoup unreasonable attorneys' fees relating to the foreclosure. Plaintiff claims that the attempt to recoup unreasonable attorneys' fees violates Haw. Rev. Stat. Ch. 514A and 514B, and is an attempt to collect an unauthorized debt. (Am. Compl. at ¶¶ 93-101.)

Defendant Associa, in its Reply, asserts that it is not subject to Haw. Rev. Stat. Ch. 480D because it is not the one to whom the debts are owed. The defense was not raised in Associa's Motion. (AOAO & Associa's Reply at 3 n.1, ECF No. 50.)

Plaintiff has not had the opportunity to respond to Associa's assertion. The Court finds it inappropriate to dismiss the claim on that ground.

The Court, however, has dismissed Plaintiff's claims for violations of Haw. Rev. Stat. Ch. 514A and 514B (Count V). Those claims provided the basis for Plaintiff's position that he was charged unreasonable attorneys' fees in connection with the AOAO's collection attempts. As Plaintiff's Haw. Rev. Stat. Ch. 480D claim in Count X is based upon the alleged violation of the statutes governing the AOAO's ability to recoup reasonable attorneys' fees, Count X suffers from the same deficiencies.

Plaintiff's claim for violation of Haw. Rev. Stat. Ch. 480D, alleged in **Count X** of the Amended Complaint, is **DISMISSED WITH LEAVE TO AMEND** as to **Defendant Associa**.


**Counts XI and XII: Violations of State and Federal Collection Laws, Haw. Rev. Stat. Ch. 443B and 15 U.S.C. § 1692, Claims Against the AOAO and Associa**

Plaintiff's claims for violations of state and federal collection laws, Haw. Rev. Stat. Ch. 443B (Count XI) and 15 U.S.C. § 1692 (Count XII),  are not alleged against Defendants

AOAO and Associa. Defendants AOAO and Associa request the claims alleged in Counts XI and XII be dismissed against them, with prejudice, to prevent the possibility that Plaintiff may later pursue those claims. (AOAO and Associa's Reply at 4, ECF No. 50.)

Haw. Rev. Stat. Ch. 443B regulates the conduct of collection agencies. A collection agency is defined as any person who collects or attempts to collect for another person, claims or money due on accounts for a commission, fixed fee, or a portion of the sums so collected. Haw. Rev. Stat. § 443B-1.

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, prohibits abusive debt collection practices. 15 U.S.C. § 1692(e). A debt collector, pursuant to the FDCPA, is one who regularly collects, or attempts to collect, debt owed or due to another. 15 U.S.C. § 1692a(6).

Neither statute appears to regulate the AOAO's activities, as the AOAO does not attempt to collect debt owed to another person. See Moore v. Nat'l City Mortg. Co., No. 09-00461, 2010 WL 914334 (D. Haw. Mar. 15, 2010)(an AOAO is not a debt collector under the FDCPA). As to Defendant Associa, Plaintiff fails to provide any factual basis for finding that Associa was engaged in collection efforts.

Defendants' request for dismissal with prejudice, however, was raised in their Reply and Plaintiff has not had an

opportunity to respond. The Court finds it inappropriate to dismiss the claims with prejudice at this time.

Defendants **AOAO** and **Associa's** request for a dismissal with prejudice of the claims alleged in **Counts XI** and **XII** is **DENIED**. The claims alleged in Counts XI and XII, are **DISMISSED WITH LEAVE TO AMEND** as to Defendants **AOAO** and **Associa**.

If Plaintiff chooses to amend the causes of action dismissed without prejudice, Plaintiff must clearly identify which claims are brought against which defendants, and the factual basis for each claim. If Plaintiff alleges violations of Haw. Rev. Stat. Ch. 443B and 15 U.S.C. § 1692 against Defendants AOAO and Associa in an amended complaint, Defendants may move to dismiss the claims at that time.

## Count XIII: Violation of Haw. Rev. Stat. Ch. 480 Claim Against the AOAO and Associa

Plaintiff, in Count XIII of the Amended Complaint, alleges claims against Defendants AOAO and Associa for unfair and deceptive practices in violation of Haw. Rev. Stat. Ch. 480. The claims are based on Defendants' alleged violations of state and federal debt collection law. (Am. Compl. at ¶¶ 111-15.)

Section 480-2 of the Hawaii Revised Statutes outlaws "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Haw. Rev. Stat. § 480-2(a).

Plaintiff's unfair and deceptive practices claim is insufficiently pled against Defendants AOAO and Associa, as it is based upon the alleged violations of state and federal debt collection law, which the Court has found insufficient.

Defendants AOAO and Associa seek dismissal with prejudice of the unfair and deceptive practices act claim. Defendants claim that they cannot be subject to Haw. Rev. Stat. Ch. 480, as they do not engage in trade or commerce with Plaintiff. Defendants rely on Cieri v. Leticia Query Realty, 905 P.2d 29 (Haw. 1995).

In Cieri, the Hawaii Supreme Court interpreted "trade or commerce" as being within the "business context." 905 P.2d at 37-39. Transactions that are strictly private in nature are not subject to Haw. Rev. Stat. § 480-2. The determination of whether a transaction occurs in a business context must be determined on a case-by-case basis by analyzing the transaction at issue. Id.

In Dalesandro v. Longs Drug Stores Cal., Inc., 383 F. Supp. 2d 1244 (D. Haw. 2005), the court held that a pharmacy was not engaged in trade or commerce within the meaning of § 480-2. subject. The dispute concerned negotiating the production of documents for settlement purposes. The court held that the dispute arose in the context of settlement and preparation for litigation, which is distinct from the business context. The court analyzed whether the parties had engaged in similar transactions in the past, the motivation for the transaction, and

whether one party had a considerable advantage over the other.
<u>Dalesandro</u>, 383 F. Supp. 2d at 1250-51.

Hawaii courts have not addressed the definition of trade or commerce with respect to a condominium or homeowner's associations.

Condominium associations have the power to engage in a variety of activities. The determination as to whether a condominium association is engaged in trade or commerce depends upon the context in which the dispute occurred.

The court cannot find that a condominium association does not engage in trade or commerce as a matter of law.

Plaintiff's unfair and deceptive practices act claims, alleged in **Count XIII** of the Amended Complaint, are **DISMISSED WITH LEAVE TO AMEND** as to Defendants **AOAO** and **Associa**. Plaintiff must sufficiently set forth the factual basis for the alleged violations of state and federal debt collection law, and how those violations also provide him with a cause of action under Haw. Rev. Stat. 480.

**Count XIV: Negligence Claims Against the AOAO and Associa**

Plaintiff, in Count XIV of his Amended Complaint, alleges negligence claims against Defendants AOAO and Associa.

A successful negligence claim must satisfy the following four elements: (1) a duty, or obligation, recognized by the law,

47

requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on the actor's part to conform to the standard required; (3) a reasonably close causal connection between the conduct and the resulting injury; (4) actual loss or damage resulting to the interests of another. Ono v. Applegate, 612 P.2d 568, 538–39 (Haw. 1980).

> **1.   Plaintiff's Negligence Claims Based on the Alleged Agreements to Postpone and Rescind the Foreclosure Sale**

Plaintiff alleges that Defendants AOAO and Associa breached their duties to Plaintiff by failing to postpone the foreclosure sale and failing to rescind the foreclosure sale. (Am. Compl. at ¶ 118.) Plaintiff's claims are based on his erroneous belief that the AOAO entered into valid agreements to postpone and rescind the foreclosure sale.

Defendants AOAO and Associa do not specifically address Count XIV, but their arguments supporting dismissal of Plaintiff's claims for breach of contract and breach of fiduciary duty are relevant.

Plaintiff has failed to plausibly allege the existence of any agreement or legal duty to postpone or rescind the foreclosure sale.

In <u>Northern Trust, NA v. Wolfe</u>, No. 11-00531 LEK, 2012 WL 1983339 (D. Haw. May 31, 2012), a borrower brought a negligence claim against a lender for failing to postpone a foreclosure sale. The borrower claimed that a loan broker had represented that the borrower's request for a loan modification would be accepted and the that the lender would not foreclose while the loan modification request was pending. The court, in <u>Northern Trust</u>, dismissed the negligence claim, as lenders generally owe no duty of care to their borrowers and the loan broker was not acting as the lender's agent. <u>N. Trust, NA v. Wolfe</u>, CIV. 11-00531 LEK, 2012 WL 1983339 (D. Haw. May 31, 2012).

Plaintiff here has not presented a plausible basis for his claim that AOAO Board Member Plunkett acted as an agent for the AOAO and had the authority to enter into a valid agreement to postpone the foreclosure sale. Plaintiff also fails to present a plausible basis for his claim that the AOAO had authority to agree to rescind the sale to Defendant Kogen. Defendants AOAO and Associa did not breach any duty by proceeding with the sale of Plaintiff's Unit.

Plaintiff's negligence claims based on the **AOAO** and **Associa's** duty to postpone and/or rescind the foreclosure sale, alleged in **Count XIV** of the Amended Complaint**,** are **DISMISSED WITH LEAVE TO AMEND**. Plaintiff has failed to allege the existence of

any duty owed to Plaintiff by the AOAO or Associa to postpone and/or rescind the foreclosure sale.

### 2. Plaintiff's Negligence Claim Based on Unreasonable Attorneys' Fees

Plaintiff alleges that Defendants AOAO and Associa negligently failed to ensure that Porter McGuire's attorneys' fees and costs associated with the non-judicial foreclosure were reasonable. (Am. Compl. at ¶ 118.)

Defendants AOAO and Associa's arguments supporting dismissal of Plaintiff's claims for violation of the Hawaii statutes governing condominium associations, Haw. Rev. Stat. Chs. 514A and 514B, are relevant. Plaintiff's allegations are conclusory and do not plausibly allege that Defendants AOAO and Associa owed Plaintiff a duty to ensure that Porter McGuire's fees were reasonable. Plaintiff also fails to plausibly allege that the fees were unreasonable, and constitute a breach of a duty owed by Defendants AOAO and Associa.

Plaintiff's negligence claim based on unreasonable attorneys' fees, alleged in **Count XIV** of the Amended Complaint, is **DISMISSED WITH LEAVE TO AMEND** as to Defendants **AOAO** and **Associa.**

**Count XV: Wrongful Eviction Claim Against the AOAO and Associa**

Plaintiff's wrongful eviction claim, alleged in Count XV of the Amended Complaint, is not alleged against Defendants AOAO and Associa. There are no facts alleged that support finding that Defendants AOAO and Associa were involved in the alleged threatened eviction.

Plaintiff's claim for wrongful eviction, alleged in **Count XV** of the Amended Complaint, is **DISMISSED WITH PREJUDICE** as to Defendants **AOAO** and **Associa.**

**Count XVI: Intentional and/or Negligent Infliction of Emotional Distress Claims Against the AOAO and Associa**

Plaintiff, in Count XVI of the Amended Complaint, alleges claims for intentional and negligent infliction of emotional distress against Defendants AOAO and Associa. (Am. Compl. at ¶¶ 127-28.)

**1.    Intentional Infliction of Emotional Distress**

The elements of intentional infliction of emotional distress ("IIED"), pursuant to Hawaii law, are: (1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act (4) caused extreme emotional distress to another. Enoka v. AIG Hawaii Ins. Co., Inc., 128 P.3d 850, 872 (Haw. 2006). The term "outrageous" has been construed to

mean "without just cause or excuse and beyond all bounds of decency." Id. (citing Lee v. Aiu, 936 P.2d 655, 670 n. 12 (1997)). Acting with tortious or criminal intent, or intent to inflict emotional distress, does not necessarily rise to the level of outrageousness required for an IIED claim. Soone v. Kyo-Ya Co., Ltd., 353 F. Supp. 2d 1107, 1116 (D. Haw. 2005)(citing Ross v. Stouffer Hotel Co. Ltd., 879 P.2d 1037, 1048 (Haw. 1994)).

The term "extreme emotional distress" includes, "inter alia, mental suffering, mental anguish, nervous shock, and other highly unpleasant mental reactions." Enoka, 128 P.3d at 872 (internal quotations omitted).

### a. Failure to Allege "Outrageous" Conduct

Plaintiff does not dispute that the AOAO had the right to assess fees and could foreclose as a result of failure to pay those fees. Plaintiff, in his Opposition, claims that Defendants' conduct was outrageous because he lost his home "after being promised at least twice that he would be allowed to keep his home." (Opp. to AOAO & Associa's Motion at 27, ECF No. 38.)

Foreclosure proceedings generally do not rise to the level of extreme and outrageous conduct to support an IIED claim. In Doran v. Wells Fargo Bank, No. 11-00132, 2011 WL 5239738, at *10-11 (D. Haw. Oct.31, 2011), for example, a plaintiff alleged a

claim for IIED based, in part, on defendant cancelling his loan modification and foreclosing upon his property. The defendant had represented that plaintiff was pre-qualified for the loan modification. The court dismissed the IIED claim, as such conduct was not outrageous. Doran, 2011 WL 5239738, at *11; see also Almaden v. Peninsula Mortgage, Inc., No. 12-00390, 2012 WL 6738512, at *10 (D. Haw. Dec. 31, 2012)(dismissing IIED claim alleging that defendant lied about a loan modification and subsequently foreclosed); Uy v. Wells Fargo Bank, N.A., No. 10-00204, 2011 WL 1235590, at * 14 (D. Haw. Mar. 28, 2011)); but see Bass v. Ameriquest Mortg. Co., No. 09-00476, 2010 WL 3025167, at *10-11 (D. Haw. Aug. 3, 2010)(denying summary judgment as to an IIED claim where the plaintiff asserted that the defendant "forged her signature on the 2006 loans, refused to honor [her] right of cancellation of the loans when she discovered the forgeries, and commenced foreclosure proceedings against [her] when she failed to make her loan payments").

Plaintiff here alleges that he has suffered and continues to suffer emotional distress "[a]s a direct, proximate and foreseeable result of the AOAO's . . . and Associa's negligent or intentional acts, which are outrageous." (Am. Compl. at ¶ 128.) Such generalized and conclusory allegations fail to satisfy the requirements of Federal Rule of Civil Procedure 8.

Plaintiff fails to allege the existence of special circumstances that would support a claim of outrageous conduct by Defendants AOAO and Associa relating to the foreclosure of Plaintiff's Unit.

### b. Failure to Allege "Extreme Emotional Distress"

Plaintiff's Amended Complaint generally alleges that Defendants' actions caused him to suffer "emotional distress," but does not provide any further details. (Am. Compl. at ¶ 128.)

In <u>Velasco v. Sec. Nat. Mortgage Co.</u>, No. 10-00239, 2011 WL 2117008 (D. Haw. May 24, 2011), the district court held that a plaintiff failed to allege extreme emotional distress arising from the foreclosure of his home, where plaintiff allegedly suffered "lost sleep, constant worry, and grief from loss of their property." The court held that:

> Given that foreclosures happen regularly and that Plaintiffs' reaction to the foreclosure is typical of any individual who has had their house foreclosed, reasonable men and women in civilization are often expected to endure these hardships and the anxiety that follows.

<u>Velasco</u>, 2011 WL 2117008, at *12; <u>Franco v. Fed. Nat'l Mortg. Ass'n</u>, No. 10-00735, 2011 WL 1842970, at *11 (D. Haw. May 13, 2011)(same).

Plaintiff here fails to allege that he suffered "extreme emotional distress" caused by Defendants AOAO and Associa's conduct.

Plaintiff's IIED claims fail, as Plaintiff has not alleged any actions or omissions by Defendants AOAO and Associa that rise to the level of outrageous, nor has Plaintiff alleged extreme emotional distress. Such defects may possibly be cured by amendment.

Plaintiff's **IIED** claims, alleged in **Count XVI** of the Amended Complaint, are **DISMISSED WITH LEAVE TO AMEND** as to Defendants **AOAO** and **Associa**.

### 2.    Negligent Infliction of Emotional Distress

The elements of a claim for negligent infliction of emotional distress ("NIED"), pursuant to Hawaii law, are: (1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that such negligent conduct of the defendant was a legal cause of the serious emotional distress. Wood v. Greenberry Fin. Servs., Inc., 907 F.Supp.2d 1165, 1186 (D. Haw. 2012). An NIED claim is merely a negligence claim alleging a wholly psychic injury. Duty and breach of duty are essential elements of an NIED claim and are

analyzed utilizing ordinary negligence principles. <u>Kahoohanohano v. Dep't of Human Servs.</u>, 178 P.3d 538, 582 (Haw. 2008).

Pursuant to Haw. Rev. Stat. § 663-8.9, a party cannot bring an NIED claim "if the distress or disturbance arises solely out of damage to property or material objects," unless the emotional distress results in physical injury to or mental illness of the person who experiences the emotional distress. Haw. Rev. Stat. § 663-8.9; <u>Doe Parents No. 1 v. Dep't of Educ.</u>, 58 P.3d 545, 580-81 (Haw. 2002). Requiring physical injury or mental illness as a predicate injury for an NIED claim attempts to avoid the possibility of trivial or fraudulent claims due to the subjective nature of assessing purely psychological injury, while promoting the purpose of negligence law. <u>Id.</u> at 579.

The Hawaii Supreme Court has carved out exceptions to the predicate injury requirement in cases that provide "the requisite assurance that plaintiff's psychological distress is trustworthy and genuine." <u>Doe Parents No. 1</u>, 58 P.3d at 581. No physical manifestation of a psychological injury is required for an NIED claim where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case. <u>Kahoohanohano</u>, 178 P.3d at 582. Such claims have been permitted where a plaintiff alleged actual exposure to HIV-positive blood, mishandling of a corpse, and negligent placement of a child in an environment with a child

molester. <u>Freeland v. Cnty. of Maui</u>, No. 11-00617, 2013 WL 6528831 (D. Haw. Dec. 11, 2013)(summarizing Hawaii Supreme Court cases).

Defendants AOAO and Associa claim that Plaintiff's NIED claims are barred by the physical injury and mental illness requirement, pursuant to Haw. Rev. Stat. § 663-8.9.

Plaintiff's claims, as alleged in the Amended Complaint, arise solely from the alleged injury to his property. Plaintiff does not allege that he has suffered physical injury or mental illness as a result of Defendants' alleged conduct, as required by Haw. Rev. Stat. § 663-8.9. The Court finds that no exceptions to the physical injury requirement apply here.

Plaintiff, in his Opposition, claims that his emotional distress did not arise "solely" from the damage to his property. (Opp. at 25, ECF No. 38.) Contrary to Plaintiff's assertion, no physical injury is alleged in the Amended Complaint.

Plaintiff's **NIED** claims, alleged in **Count XVI** of the Amended Complaint, are **DISMISSED WITH LEAVE TO AMEND** as to Defendants **AOAO** and **Associa**. An amended NIED claim must meet the predicate injury requirements of Haw. Rev. Stat. § 663-8.9, and sufficiently allege a breach of a duty that caused the injury.

**Counts XVII and XVIII: Request for Injunctive Relief and Declaratory Relief Against the AOAO and Associa**

**Count XVII**, requesting injunctive relief, and **Count XVIII**, requesting declaratory relief, **are not causes of action**. Both are remedies that may be awarded to Plaintiff if he prevails on other claims.

**Count XIX: Prima Facie Tort Claims Against the AOAO and Associa**

Plaintiff, in Count XIX of his Amended Complaint, alleges that Defendants AOAO and Associa committed a prima facie tort.

Defendants AOAO and Associa claim that Hawaii law does not recognize prima facie tort as a cause of action.

The Hawaii Supreme Court has not addressed the issue of whether prima facie tort is an actionable claim under Hawaii law. Metzler Contracting Co. LLC v. Stephens, No. 07-00261 LEK, 2009 WL 1046666 (D. Haw. Apr. 17, 2009).

Plaintiff relies on Giuliani v. Chuck, 620 P.2d 733, 738 (Haw. Ct. App. 1980) and Metzler Contracting Co. LLC v. Stephens, 2009 WL 1046666 (D. Haw. Apr. 17, 2009) to support his claim that prima facie tort is a recognized cause of action under Hawaii law.

In Giuliani, plaintiffs alleged that a defendant had intentionally and improperly refused to return their $1,000 deposit. The Hawaii Intermediate Court of Appeals held that the plaintiffs had sufficiently pled a cause of action, sounding in tort, for intentional harm to a property interest. Giuliani, 620

P.3d at 738. The Court of Appeals, in recognizing the sufficiency of the plaintiffs' claim, relied on § 871 of the Restatement Second of Torts. Section 871 provides:

> One who intentionally deprives another of his legally protected property interest or causes injury to the interest is subject to liability to the other if his conduct is generally culpable and not justifiable under the circumstances.

Restatement Second of Torts § 871 (1979).

In Metzler, the Hawaii federal district court discussed whether Giuliani supports finding that Hawaii law recognizes prima facie tort as a separate cause of action. The Metzler court explained that, although Giuliani appears to cite § 871 as a separate tort, no other Hawaii case cites Giuliani or § 871 for that proposition. The Metzler court predicted that the Hawaii Supreme Court would only recognize a separate cause of action for prima facie tort under facts virtually identical to Giuliani, where no alternative well-recognized cause of action existed to remedy the alleged harm. Metzler Contracting Co. LLC v. Stephens, 2009 WL 1046666, at *5 (D. Haw. Apr. 17, 2009)(prima facie tort cannot be pled as an alternative to a defamation claim).

Plaintiff here does not include any specific allegations to support his claim for prima facie tort. Plaintiff vaguely alleges that the "conduct of all Defendants constitutes a prima facie tort, entitling Plaintiff to damages." (Am. Compl. at ¶ 136.)

Plaintiff's prima facie tort claim is futile. The support for recognizing the claim under Hawaii law is based on one intermediate appellate court decision, issued over thirty years ago. Even if such a claim was viable, the circumstances of Plaintiff's case would not give rise to a prima facie tort claim against Defendants AOAO and Associa. Other well-recognized causes of action exist to remedy the alleged harm.

Plaintiff's claim for prima facie tort, alleged in **Count XIX**, is **DISMISSED WITH PREJUDICE** as to Defendants **AOAO** and **Associa**.


**SUMMARY OF THE COURT'S RULINGS AS TO THE AOAO AND ASSOCIA'S MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT (ECF No. 7)**

**<u>Claims Against the AOAO</u>**

The following claims are **DISMISSED WITH PREJUDICE** as to Defendant **AOAO:**

| | |
|---|---|
| **Count II**: | Breach of Fiduciary Duty; |
| **Count III**: | Breach of Contract; |
| **Count VI**: | Tortious Interference with Contractual Relations; |
| **Count IX**: | Quiet Title; |
| **Count XV**: | Wrongful Eviction; and |
| **Count XIX**: | Prima Facie Tort. |

The following claims are **DISMISSED WITH LEAVE TO AMEND** as to Defendant **AOAO**:

Count I:         Breach of Governing Documents;

Count IV:        Promissory Estoppel/Detrimental Reliance/
                 Negligent and Intentional Misrepresentation**;**

Count V:         Violation of Haw. Rev. Stat. Ch. 514A and
                 514B;

Count VII:       Violation of Haw. Rev. Stat. Ch. 667;

Count XI:        Violation of Haw. Rev. Stat. 443B;

Count XII:       Violation of the Fair Debt Collection
                 Practices Act, 15 U.S.C. § 1692;

Count XIII:      Violation of Haw. Rev. Stat. Ch. 480;

Count XIV:       Negligence; and

Count XVI:       Intentional and Negligent Infliction of
                 Emotional Distress.

**<u>Claims Against Associa</u>**

The following claims are **DISMISSED WITH PREJUDICE** as to Defendant **Associa:**

Count VI:        Tortious Interference with Contractual
                 Relations;

Count IX:        Quiet Title;

Count XV:        Wrongful Eviction; and

Count XIX:       Prima Facie Tort.

The following claims are **DISMISSED WITH LEAVE TO AMEND** as to Defendant **Associa:**

| **Count VII:** | Violation of Haw. Rev. Stat. Ch. 667; |
|---|---|
| **Count X:** | Violation of Haw. Rev. Stat. Ch. 480D; |
| **Count XI:** | Violation of Haw. Rev. Stat. 443B; |
| **Count XII:** | Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; |
| **Count XIII:** | Violation of Haw. Rev. Stat. Ch. 480; |
| **Count XIV:** | Negligence; and |
| **Count XVI:** | Intentional and Negligent Infliction of Emotional Distress. |

## Counts Requesting Remedies

The following Counts request specific remedies, but do not allege causes of action:

| **Count VIII:** | Cancellation of Quitclaim Deed; |
|---|---|
| **Count XVII:** | Injunctive Relief; and |
| **Count XVIII:** | Declaratory Relief. |

## II. SECOND MOTION: DEFENDANT PORTER MCGUIRE KIAKONA & CHOW, LLP'S MOTION FOR PARTIAL DISMISSAL (ECF No. 15)

Plaintiff's Amended Complaint alleges eight counts against Defendant Porter McGuire Kiakona & Chow, LLP ("Porter McGuire"), the law firm for the Association of Apartment Owners of Opua Hale Patio Homes ("AOAO"):

| **Count VI:** | Tortious Interference with Contractual Relations); |
|---|---|

| | |
|---|---|
| **Count X:** | Violation of Haw. Rev. Stat. Ch. 480D; |
| **Count XI:** | Violation of Haw. Rev. Stat. Ch. 443B; |
| **Count XII:** | Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; |
| **Count XIII:** | Violation of Haw. Rev. Stat. Ch. 480; |
| **Count IV:** | Negligence; |
| **Count XVI:** | Negligent Infliction of Emotional Distress; and |
| **Count XIX:** | Prima Facie Tort. |

Defendant Porter McGuire does not move to dismiss Count XII, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Porter McGuire moves to dismiss the seven other claims.

**Legal Standard for Porter McGuire's Motion for Partial Dismissal**

Defendant Porter McGuire moves for partial dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6). As Defendant Porter McGuire has filed an Answer (ECF No. 11), the Court construes the Motion as one for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed.  The Rule 12(c) standard is functionally identical to the Rule 12(b)(6) standard. <u>Dworkin v. Hustler Magazine Inc.</u>, 867 F.2d 1188, 1192 (9th Cir. 1989).

Judgment on the pleadings "is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." <u>Fleming v. Pickard</u>, 581 F.3d 922, 925 (9th Cir. 2009). All material allegations contained in the nonmoving party's pleadings are accepted as true, while the allegations made by the moving party that have been denied are assumed to be false. <u>Hal Roach Studios v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989). The district court's review on a Rule 12(c) motion is generally limited to the contents of the pleadings. If the court reviews matters outside the pleadings, the motion is treated as one for summary judgment. <u>See</u> <u>Olsen v. Idaho State Bd. of Medicine</u>, 363 F.3d 916, 922 (9th Cir. 2004); Fed. R. Civ. P. 12(d). The court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters subject to judicial notice, without converting the motion to dismiss into a motion for summary judgment. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

A court that grants a Rule 12(c) motion has discretion to dismiss the case or enter judgment. <u>See</u> <u>Lonberg v. City of Riverside</u>, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004). Dismissal with leave to amend is appropriate if the pleadings may be cured by further factual enhancement. <u>See</u> <u>Sprint Telephony PCS, L.P. v. County of San Diego</u>, 311 F.Supp.2d 898, 903 (S.D. Cal. 2004);

<u>Whitson v. Bumbo</u>, No. 07-05597, 2009 WL 1515597, at *8 (N.D. Cal. Apr. 16, 2009).

**Count VI: Tortious Interference with Contractual Relations**

Plaintiff alleges, in Count VI of his Amended Complaint, that Porter McGuire tortiously interfered with Plaintiff's contractual relations with the AOAO. Plaintiff claims that Porter McGuire interfered with the alleged oral contract to postpone the foreclosure sale. Plaintiff also claims that Porter McGuire interfered with the alleged contract to rescind the foreclosure sale, created by the AOAO's acceptance of Plaintiff's payment plan. Plaintiff points to Porter McGuire's failure to rescind the sale to Defendant Kogen and the recording of documents that completed the sale. (Am. Compl. at ¶¶ 65-72.)

### 1. Attorney's Immunity from Tortious Interference with Contractual Relations

Defendant Porter McGuire claims that it cannot be found liable for tortious interference with the AOAO's contracts, as it was acting as the AOAO's attorney. (Porter McGuire's Motion at 5-7, ECF No. 15.)

In <u>Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel</u>, 151 P.3d 732 (Haw. 2007), the Hawaii Supreme Court discussed circumstances in which an attorney may be liable for tortious

interference with contractual relations. The Hawaii Supreme Court held that such a claim must allege that the attorney acted outside the scope of their lawyer-client relationship, and must set forth factual allegations from which actual malice may reasonably be said to exist. A claim is only viable where an attorney possessed a desire to harm, independent of the desire to protect his or her client, and acted for personal gain or ill will. Kahala Royal Corp., 151 P.3d at 750-52.

Although the Kalaha decision concerned the application of the litigation privilege to claims for tortious interference with contractual relations, the court's reasoning is not confined to conduct in the course of a judicial proceeding. The Hawaii Supreme Court relied, in part, on the decision in Schott v. Glover, 440 N.E.2d 376 (Ill. App. Ct. 1983):

> Under certain circumstances, a third party may be privileged purposely to bring about a breach of contract between other parties. This privilege occurs where the third party acts to protect a conflicting interest which is considered to be of equal or greater value than that accorded the contractual rights involved.
>
> The fiduciary duty owed by an attorney to his client is such an interest. Although incorrect advice as to a client's contractual obligations might cause that client to become liable to a third party in contract, it does not follow that the attorney would also be liable to that party. To impose such liability on an attorney would have the undesirable effect of creating a duty to third parties which would take precedence over an attorney's fiduciary duty to his client.

Kahala Royal Corp.,151 P.3d 732, 750-51 (2007)(quoting Schott, 440 N.E.2d at 379).

Plaintiff does not allege that Defendant Porter McGuire acted outside the scope of their lawyer-client relationship with the AOAO. The Amended Complaint alleges that Defendant Porter McGuire served as the AOAO's law firm and agent. (Am. Compl. at ¶ 4.) Plaintiff fails to set forth factual allegations from which Porter McGuire can be said to have acted with actual malice, or possessed a desire to harm independent of the desire to protect its client, the AOAO.

Plaintiff claims, in his Opposition, that Defendant Porter McGuire acted outside the scope of its representation of the AOAO when it failed to rescind the foreclosure sale to Defendant Kogen. Plaintiff claims that Porter McGuire, at that point, placed Defendant Kogen's interest over the interests of its client, the AOAO. (Opp. at 11, ECF No. 37.)

Plaintiff's allegations do not support his claim that Porter McGuire was acting outside the scope of its representation of the AOAO. To the contrary, Plaintiff's allegations demonstrate that Defendant Porter McGuire represented the AOAO in advising the AOAO how to proceed with the foreclosure sale and issues raised by the foreclosure sale. According to the Amended Complaint, Defendant Kogen threatened to bring a lawsuit if the sale was rescinded, and Porter McGuire advised the AOAO to proceed with the sale to Defendant Kogen. (Am. Compl. at ¶¶ 26-28.)

Plaintiff fails to allege circumstances giving rise to a claim for tortious interference with contractual relations against Defendant Porter McGuire. Based on Plaintiff's allegations, Porter McGuire's conduct is privileged from such a claim.

### 2.    Failure to Allege the Existence of a Contract

The Hawaii Supreme Court has set forth the elements of a claim for interference with contractual relations as follows:

(1) a contract between the plaintiff and a third party;

(2) the defendant's knowledge of the contract;

(3) the defendant's intentional inducement of the third party to breach the contract;

(4) the absence of justification on the defendant's part;

(5) the subsequent breach of the contract by the third party; and

(6) damages to the plaintiff.

Weinberg v. Mauch, 890 P.2d 277, 287 (Haw. 1995). A claim for breach of contract must exist to support a claim for tortious interference with contractual relations. Bodell Const. Co. v. Ohio Pac. Tech, Inc., 458 F. Supp. 2d 1153, 1162-63 (D. Haw. 2006).

Plaintiff's claims for tortious interference of contractual relations alleges interference with (1) Plaintiff's alleged oral

agreement with AOAO Board Member, Randall Plunkett, to postpone the foreclosure sale, and (2) the alleged agreement to rescind the foreclosure sale based on the AOAO Board's "formal acceptance" of Plaintiff's offer, after the foreclosure sale to Defendant Kogen.

Plaintiff has failed to allege the existence of a contract between himself and the AOAO. As discussed in the section dismissing Plaintiff's claim for breach of contract against the AOAO, alleged in Count III, Plaintiff's oral agreement violates the statute of frauds and was not entered into by a party with authority to bind the AOAO. As to the alleged agreement to rescind the foreclosure sale, the AOAO lacked authority to accept Plaintiff's payment plan after the Unit had already been sold. The alleged acceptance did not create a contract obligating the AOAO to rescind the sale to Defendant Kogen.

Plaintiff also fails to allege that Porter McGuire had knowledge of the alleged oral agreement to postpone the foreclosure sale. Plaintiff, instead, alleges that the "Board and Associa apparently failed to communicate effectively with Porter McGuire and ensure that the Sale Date and Sale were postponed." (Am. Compl. at ¶ 17.)

Plaintiff cannot allege the essential elements of a claim against Porter McGuire for tortious interference with contractual relations.

Plaintiff's claims for tortious interference with contractual relations, alleged in **Count VI** of his Amended Complaint, are **DISMISSED WITH PREJUDICE** as to Defendant **Porter McGuire**.

**Count X: Violation of Haw. Rev. Stat Ch. 480D**

Plaintiff, in Count X of the Amended Complaint, alleges that Defendant Porter McGuire included unreasonable and unsupported fees in support of its collection efforts, in violation of Haw. Rev. Stat. Ch. 480D.

Chapter 480D specifically covers "debt collectors," which are defined as "any person, who is not a collection agency, and who in the regular course of business collects or attempts to collect consumer debts owed or due or asserted to be owed or due to the collector." Haw. Rev. Stat. § 480D-2.

Defendant Porter McGuire moves to dismiss on the ground that Haw. Rev. Stat. § 480D-2 limits the definition of a debt collector as one who collects debts owed to the collector. (Porter McGuire's Motion at 7, ECF No. 15.)

Plaintiff's allegations are based on debt owed to the AOAO and not Porter McGuire.

Plaintiff's claims for violation of Haw. Rev. Stat. Ch. 480D, alleged in **Count X** of his Amended Complaint, are **DISMISSED WITH PREJUDICE** as to Defendant **Porter McGuire**.

**Count XI: Violation of Haw. Rev. Stat. Ch. 443B**

Plaintiff, in Count XI of the Amended Complaint, alleges that Defendant Porter McGuire violated Haw. Rev. Stat. Ch. 443B.

Section 443B-1 defines a "collection agency" as one who offers to undertake, holds oneself out as being able to undertake, or does undertake to collect for another person, claims or money due on accounts or other forms of indebtedness for a commission, fixed fee, or a portion of the sums so collected. A collection agency does not include licensed attorneys at law acting within the scope of their profession. Haw. Rev. Stat. § 443B-1.

Plaintiff alleges that Porter McGuire's attorneys were acting outside the scope of their profession for the purposes of Haw. Rev. Stat. § 443B-1. (Am. Compl. at ¶ 103.)

Plaintiff's conclusory assertion is undermined by the other allegations in the Amended Complaint. According to the Amended Complaint, Porter McGuire worked as the AOAO's law firm in attempting to collect Plaintiff's delinquency. (Am. Compl. at ¶ 4.)

Plaintiff relies on cases analyzing claims for violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (Opp. to Porter McGuire's Motion at 21-23, ECF No. 37.)

The FDCPA differs in scope from Hawaii's debt collection laws. See Flores v. Rawlings Co., LLC, 177 P.3d 341, 348 (Haw. 2008). The fact that Porter McGuire may be considered a debt collector for the purposes of the FDCPA does not mean that Porter McGuire was acting outside the scope of the attorney exception to Haw. Rev. Stat. § 443B-1. Goray v. Unifund CCR Partners, No. 06-00214, 2007 WL 4260017 (D. Haw. Dec. 4, 2007)(granting summary judgment in favor of attorney defendants on claim for violation of Haw. Rev. Stat. 443B, as defendants were acting as attorneys, but granting judgment on the FDCPA claims on other grounds).

Plaintiff's claim for a violation of Haw. Rev. Stat. Ch. 443B, alleged in **Count XI** of the Amended Complaint, is **DISMISSED WITH PREJUDICE** as to Defendant **Porter McGuire**.

**Count XIII: Violation of Haw. Rev. Stat. Ch. 480**

Plaintiff, in Count XIII of the Amended Complaint, alleges that Defendant Porter McGuire engaged in unfair and deceptive acts and practices ("UDAP"), in violation of Haw. Rev. Stat. Ch. 480. (Am. Compl. ¶¶ 111-15.)

Defendant Porter McGuire move to dismiss, as Haw Rev. Stat. Ch. 480 only applies to entrepreneurial aspects of a lawyer's business. Defendant further claims that the Hawaii Supreme Court has exclusive regulatory jurisdiction over an attorney's professional practice. (Porter McGuire's Motion at 10-14.)

72

Defendant's assertion is overbroad. An attorney may be subject to Haw. Rev. Stat. Ch. 480 for certain violations of the Fair Debt Collection Practices Act ("FDCPA"), so long as a plaintiff can show actual damages. Haw. Rev. Stat. § 480-13; <u>Johnson v. Ass'n of Apartment Owners of Ke Aina Kai Townhomes</u>, No. 06-00106, 2006 WL 7136685, at *11 (D. Haw. Aug. 25, 2006).

Plaintiff's UDAP claim is based upon Porter McGuire's alleged violation of the FDCPA and Hawaii's state debt collection law, Haw. Rev. Stat. Chs. 443 and 480D. Plaintiff's state debt collection claims have been dismissed, but the FDCPA claim remains.

Plaintiff's UDAP claim, however, fails to allege actual injury arising from the alleged violation of the FDCPA. Plaintiff's UDAP claim, alleged in **Count XIII**, is **DISMISSED WITH LEAVE TO AMEND** as to Defendant **Porter McGuire**. Plaintiff's UDAP claim cannot be based on the alleged violations of Hawaii's state debt collection laws.

**Count XIV: Negligence**

Plaintiff, in Count XIV of the Amended Complaint, alleges a claim for negligence against Defendant Porter McGuire. Plaintiff claims that Porter McGuire breached its duty to Plaintiff by failing to relay his offer to the AOAO in a timely fashion, failing to postpone or cancel the foreclosure sale, failing to

73

rescind the sale, and completing the foreclosure sale. (Am.

Compl. at ¶ 119.)

The existence of a duty is a question of law. <u>Buscher v.</u>

<u>Boning</u>, 159 P.3d 814, 823 (Haw. 2007). Pursuant to Hawaii law, an

attorney owes no duty to its client's adversary or non-client.

<u>Id.</u> at 832. The Hawaii Supreme Court, in <u>Buscher</u>, held that the

existence of such a duty would create an unacceptable conflict of

interest:

> Not only with the adversary's interests interfere with
> the client's interests, the attorney's justifiable
> concern with being sued for negligence would
> detrimentally interfere with the attorney client-
> relationship
> .

<u>Id.</u> at 832 (quoting <u>Myers v. Cohen</u>, 687 P.2d 6, 15 (Haw. Ct. App.

1984).

Hawaii cases have only recognized the existence of an

attorney's duty to a non-client where the attorney's employment

constitutes a third-party beneficiary contract, such as in the

context of will drafting. <u>Blair v. Ing</u>, 21 P.3d at 465–68.

Plaintiff's allegations do not fall within the limited

exception.

Plaintiff claims that he and the AOAO reached an agreement,

whereby they were no longer adversaries. Plaintiff claims that

Porter McGuire, at that point, owed duties to Plaintiff. (Opp. to

Porter McGuire's Motion at 10, ECF No. 37.)

Plaintiff's assertion is unsupported by law. Plaintiff, through efforts to settle his delinquency, did not become a client of Porter McGuire to whom Porter McGuire owed any duties.

In <u>Johnson v. Ass'n of Apartment Owners of Ke Aina Kai Townhomes</u>, No. 06-00106, 2006 WL 7136685 (D. Haw. Aug. 25, 2006), a plaintiff brought a negligence claim against a condominium association's legal counsel. The court dismissed the claim, as any remedy must be sought against the condominium association, and not its attorneys. <u>Id.</u>

Plaintiff's negligence claim, alleged in **Count XIV** of the Amended Complaint, is **DISMISSED WITH PREJUDICE** as to Defendant **Porter McGuire.**


**Count XVI: Negligent Infliction of Emotional Distress**

Plaintiff, in Count XVI of the Amended Complaint, alleges a claim for negligent infliction of emotional distress ("NIED") against Defendant Porter McGuire. Plaintiff does not allege a claim for intentional infliction of emotional distress against Porter McGuire. (Opp. to Porter McGuire's Motion at 2, ECF No. 37.)

Plaintiff's NIED claim against Porter McGuire fails for the same reasons as the NIED claims against the AOAO and Associa. Plaintiff fails to allege physical injury or mental illness, as required by Haw. Rev. Stat. § 663-8.9. Plaintiff's NIED claim

against Porter McGuire also fails, as Porter McGuire owed no duties to Plaintiff, who was not a client of the law firm. <u>Johnson v. Ass'n of Apartment Owners of Ke Aina Kai Townhomes</u>, No. 06-00106, 2006 WL 7136685 (D. Haw. Aug. 25, 2006).

Plaintiff's NIED claim, alleged in **Count XVI** of the Amended Complaint, is **DISMISSED WITH PREJUDICE** as to **Porter McGuire.**

**Count XIX: Prima Facie Tort**

Plaintiff, in Count XIX of the Amended Complaint, alleges a claim for prima facie tort against Defendant Porter McGuire.

Plaintiff's claim for prima facie tort against Porter McGuire is futile for the same reasons as the prima facie tort claim brought against Defendants AOAO and Associa. <u>Giuliani v. Chuck</u>, 620 P.2d 733, 738 (Haw. Ct. App. 1980); <u>Metzler Contracting Co. LLC v. Stephens</u>, 2009 WL 1046666 (D. Haw. Apr. 17, 2009).

Plaintiff's claim for prima facie tort, alleged in **Count XIX** of the Amended Complaint, is **DISMISSED WITH PREJUDICE** as to Defendant **Porter McGuire.**

**Claims Not Specifically Alleged Against Porter McGuire in the Amended Complaint**

The Parties disagree as to whether the Amended Complaint alleges certain claims against Porter McGuire, even though Porter McGuire is not specifically identified in those Counts. Plaintiff, in his Opposition to Porter McGuire's Motion for Partial Dismissal, claims that Porter McGuire generally aided and abetted the AOAO's alleged "various violations of its contractual, statutory, and fiduciary duties." (Opp. at 4, ECF No. 37.)

It is unclear which claims Plaintiff intended to allege against Porter McGuire. The following Counts of Plaintiff's Amended Complaint, however, do not allege claims against Defendant Porter McGuire, based on a theory of direct liability or aiding and abetting:

**Count I:**      Breach of Governing Documents;

**Count II:**      Breach of Fiduciary Duty;

**Count III:**      Breach of Contract;

**Count IV:**      Promissory Estoppel/ Detrimental Reliance/Negligent and Intentional Misrepresentations;

**Count V:**      Violation of Haw. Rev. Stat. Chs. 514A and 514B;

**Count VII:**      Violation of Haw. Rev. Stat. Ch. 667;

**Count VIII:**      Cancellation of Quitclaim Deed;

**Count IX:**      Quiet Title;

**Count XV:**      Wrongful Eviction;

**Count XVII:**    Injunctive Relief; and

**Count XVIII:**    Declaratory Relief.

Defendant Porter McGuire moves to dismiss the above claims with prejudice.

### 1.    Claims that Cannot Be Alleged

Plaintiff cannot state claims for aiding and abetting the AOAO in the claims alleged in Counts II, III, IX, and XV. Those claim were dismissed with prejudice as to the AOAO. As such claims are not viable against the AOAO, Porter McGuire cannot be liable for aiding and abetting the AOAO in the alleged claims.

**Counts II, III, IX,** and **XV** of the Amended Complaint are **DISMISSED WITH PREJUDICE** as to Defendant **Porter McGuire**.

**Counts VIII**, **XVII**, and **XVIII** request specific remedies, including cancellation of quitclaim deed, declaratory relief, and injunctive relief. They **do not set forth causes of action.**

### 2.    Claims that May Possibly Be Alleged

Plaintiff may attempt to allege claims against Porter McGuire for aiding and abetting the violations charged against the AOAO in Counts I, IV, V, and VII of the Amended Complaint. Those claims were dismissed against the AOAO with leave to amend, as Plaintiff failed to allege sufficient facts in support of each claim as to the AOAO. Without sufficient facts, the court finds

it premature to rule whether Porter McGuire could possibly be liable for aiding and abetting the AOAO in the alleged violations in Counts I, IV, V, and VII.

To bring a claim against Porter McGuire for aiding and abetting the AOAO in the alleged violations in Counts I, IV, V, and VII, Plaintiff must specifically allege a claim for aiding and abetting the AOAO in each violation and allege sufficient facts in support of each claim with sufficient plausibility to survive a motion to dismiss. Such a claim against Porter McGuire must be cognizable against Porter McGuire acting as the AOAO's attorney.

Plaintiff is granted **LEAVE TO AMEND** the claims alleged in **Counts I, IV, V, and VII** of the Amended Complaint as to Defendant **Porter McGuire.**

**SUMMARY OF COURT'S RULINGS AS TO PORTER MCGUIRE'S MOTION FOR PARTIAL DISMISSAL (ECF No. 15)**

The following claim against Defendant **Porter McGuire**

**SURVIVES:**

    **Count XII**:    Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

The following claims are **DISMISSED WITH PREJUDICE** as to Defendant **Porter McGuire:**

    **Count II**:    Breach of Fiduciary Duty;

79

**Count III:**     Breach of Contract;

**Count VI:**      Tortious Interference with Contractual Relations;

**Count IX:**      Quiet Title;

**Count X:**       Violation of Haw. Rev. Stat. 480D;

**Count XI:**      Violation of Haw. Rev. Stat. Ch. 443B;

**Count XIV:**     Negligence;

**Count XV:**      Wrongful Eviction;

**Count XVI:**     Negligent Infliction of Emotional Distress; and

**Count XIX:**     Prima Facie Tort.

The following Counts request specific remedies, but **DO NOT ALLEGE CAUSES OF ACTION:**

**Count VIII:**    Cancellation of Quitclaim Deed;

**Count XVII:**    Injunctive Relief; and

**Count XVIII:**   Declaratory Relief.

The following claims are **DISMISSED WITH LEAVE TO AMEND** as to Defendant **Porter McGuire:**

**Count I:**       (Aiding and Abetting) Breach of Governing Documents;

**Count IV:**      (Aiding and Abetting) Promissory Estoppel/Detrimental Reliance/ Negligent and Intentional Misrepresentation;

| | |
|---|---|
| **Count V:** | (Aiding and Abetting) Violation of Haw. Rev. Stat. Chs. 514A and 514B; and |
| **Count VII:** | (Aiding and Abetting) Violation of Haw. Rev. Stat. Ch. 667, and |
| **Count XIII**: | Haw. Rev. Stat. 480. |

## III. THIRD MOTION: DEFENDANT JONAH KOGEN'S MOTION FOR SUMMARY JUDGMENT (ECF No. 14)

Plaintiff alleges the following claims against Defendant Jonah Kogen, the purchaser of the Unit at the foreclosure sale:

| | |
|---|---|
| **Count VI:** | Tortious Interference with Contractual Relations; |
| **Count VIII:** | Cancellation of Quitclaim Deed; |
| **Count IX:** | Quiet Title; |
| **Count XV:** | Wrongful Eviction; |
| **Count XVII:** | Injunctive Relief; |
| **Count XVIII:** | Declaratory Relief; and |
| **Count XIX:** | Prima Facie Tort. |

Defendant Kogen moves for summary judgment on those claims.

**Counts That Do Not Purport to Allege a Cause of Action**

**Counts VIII, XVII**, and **XVIII** request specific forms of relief, but **do not allege separate causes of action**.


## Count VI: Tortious Interference with Contractual Relations

Plaintiff's claim against Jonah Kogen for tortious interference with contractual relations fails for the same reason as the tortious interference claim against Porter McGuire. Plaintiff has failed to allege the existence of a valid contract between himself and the AOAO. As a valid contract did not exist, Defendant Kogen cannot be liable for tortiously interfering in the relations created by the contract. <u>Weinberg v. Mauch</u>, 890 P.2d 277, 287 (Haw. 1995); <u>Bodell Const. Co. v. Ohio Pac. Tech, Inc.</u>, 458 F. Supp. 2d 1153, 1162-63 (D. Haw. 2006).

Plaintiff's claim for tortious interference with contractual relations, alleged in **Count VI** of the Amended Complaint, is **DISMISSED WITH PREJUDICE** as to Defendant **Kogen**.


## Count XIX: Prima Facie Tort

Plaintiff, in Count XIX of the Amended Complaint, alleges a claim for prima facie tort against Defendant Jonah Kogen.

Plaintiff's claim for prima facie tort against Jonah Kogen is futile for the same reasons as the prima facie tort claim brought against Defendants AOAO, Associa, and Porter McGuire. Hawaii law does not recognize a claim for prima facie tort in the

circumstances present here. <u>Giuliani v. Chuck</u>, 620 P.2d 733, 738 (Haw. Ct. App. 1980); <u>Metzler Contracting Co. LLC v. Stephens</u>, 2009 WL 1046666 (D. Haw. Apr. 17, 2009).

Plaintiff's claim for prima facie tort, alleged in **Count XIX** of the Amended Complaint, is **DISMISSED WITH PREJUDICE** as to Defendant **Kogen**.

**Counts IX and XV: Quiet Title and Wrongful Eviction**

Plaintiff's claims for quiet title and wrongful eviction, alleged in Counts IX and XV of the Amended Complaint, are brought solely against Defendant Kogen. Plaintiff's claims are based on his position that, although Defendant Kogen purchased the Condominium Unit at the foreclosure sale, Defendant Kogen does not rightfully own the Unit.

**1.    Insufficient Allegations to Support Claims**

Plaintiff has failed to allege a basis for voiding the foreclosure sale. Plaintiff, however, has been granted leave to amend claims that may provide a basis for voiding the foreclosure sale to Defendant Kogen, such as his claim for violation of Haw. Rev. Stat. Ch. 667, alleged against the AOAO and Associa. <u>In re Kekauoha-Alisa</u>, 674 F.3d 1083, 1089 (9th Cir. 2012).

As Plaintiff's Amended Complaint has not set forth a basis for Plaintiff's position that Defendant Kogen is not the rightful owner of the Unit, there is no support for the quiet title and wrongful eviction claims. Those claims, alleged in **Counts IX** and **XV** of the Amended Complaint, are **DISMISSED WITH LEAVE TO AMEND** as to Defendant **Kogen**.

### 2.    **Summary Judgment is Premature**

Defendant Kogen, in support of his Motion for Summary Judgment, has submitted evidence relating to the non-judicial foreclosure of the Unit. Plaintiff has also submitted evidence, relating to Defendant Kogen's efforts to gain possession of the Unit.

The Court finds that it is premature to grant judgment on Plaintiff's claims for quiet title and wrongful eviction. The lack of clarity of Plaintiff's allegations in the Amended Complaint contributes to the Court's difficulty in deciding Defendant Kogen's Summary Judgment Motion at this time.

Plaintiff's Amended Complaint is complex, in that it alleges nineteen causes of action against multiple parties, all related to the allegedly unlawful sale of his Unit to Defendant Kogen.

The Court has permitted Plaintiff to amend various claims alleged against the AOAO, Associa, and Porter McGuire.

Before granting judgment in favor Defendant Kogen, the Court must first determine whether Plaintiff can allege a viable claim for violation of Haw. Rev. Stat. Ch. 667 or some other basis for voiding the foreclosure sale to Defendant Kogen. <u>In re Kekauoha-Alisa</u>, 674 F.3d 1083, 1089 (9th Cir. 2012)(violation of Haw. Rev. Stat. Ch. 667 voided foreclosure sale).

Defendant Kogen raises several objections to the evidence submitted by Plaintiff in opposition to summary judgment. Kogen asserts that several paragraphs of Plaintiff's Declarations and two exhibits are inadmissible. (ECF Nos. 46 and 47.)

The Court does not reach the issue of Defendant's evidentiary objections at this time, as the rulings in this Order do not rely on the evidence to which Defendant Kogen objects.

Defendant **Kogen's** Motion for Summary Judgment (ECF No. 14) is **DENIED**. Defendant Kogen may move again for summary judgment if Plaintiff files an Amended Complaint, in compliance with this Order.

**SUMMARY OF THE COURT'S RULINGS AS TO THE CLAIMS AGAINST DEFENDANT KOGEN**

The following claims are **DISMISSED WITH PREJUDICE** as to Defendant **Kogen**:

| Count VI: | Tortious Interference with Contractual Relations; and |
|---|---|
| Count XIX: | Prima Facie Tort. |

The following Counts request specific remedies, but do not allege separate causes of action:

| Count VIII: | Cancellation of Quitclaim Deed; |
|---|---|
| Count XVII: | Injunctive Relief; and |
| Count XVIII: | Declaratory Relief. |

The following claims are **DISMISSED WITH LEAVE TO AMEND** as to Defendant **Kogen:**

| Count IX: | Quiet Title and |
|---|---|
| Count XV: | Wrongful Eviction. |

## IV.  LEAVE TO AMEND

Plaintiff requests leave to amend to allege claims against individual directors of the AOAO Board, Randall Plunkett and Joseph Gamboa. Plaintiff claims that Plunkett and Gamboa represented that the foreclosure sale would be postponed and that he relied upon those representations. (Opp. to AOAO & Associa's Motion at 19 n.60, ECF No. 38.)

Plaintiff's request is **GRANTED.** Plaintiff shall be permitted to allege claims against Plunkett and Gamboa, in their individual capacities.

Plaintiff may file a Second Amended Complaint by July 25, 2014. The Second Amended Complaint must conform to the rulings contained in this Order. The Second Amended Complaint may add Plunkett and Gambia as defendants, and may reallege those claims that have been dismissed with leave to amend. The Second Amended Complaint must clearly set forth who each claim is directed against and the specific factual basis for each claim.

<u>CONCLUSION</u>

**RULINGS ON CLAIMS AGAINST DEFENDANTS AOAO & ASSOCIA**

Defendants Association of Apartment Owners of Opua Hale Patio Homes and Associa's Motion to Dismiss (ECF No. 7) is **GRANTED**. Their Motion for a More Definite Statement (ECF No. 7) is **DENIED AS MOOT.** The Court's rulings as to each Defendant are as follows:

The following claims are **DISMISSED WITH PREJUDICE** as to the **AOAO**:

**Count II:**      Breach of Fiduciary Duty;

| Count III:   | Breach of Contract;                              |
|--------------|--------------------------------------------------|
| Count VI:    | Tortious Interference with Contractual Relations; |
| Count IX:    | Quiet Title;                                     |
| Count XV:    | Wrongful Eviction; and                           |
| Count XIX:   | Prima Facie Tort.                                |

The following claims are **DISMISSED WITH LEAVE TO AMEND** as to the **AOAO**:

| Count I:     | Breach of Governing Documents;                   |
| Count IV:    | Promissory Estoppel/Detrimental Reliance/ Negligent and Intentional Misrepresentation; |
| Count V:     | Violation of Haw. Rev. Stat. Ch. 514A and 514B; |
| Count VII:   | Violation of Haw. Rev. Stat. Ch. 667;            |
| Count XI:    | Violation of Haw. Rev. Stat. 443B;               |
| Count XII:   | Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; |
| Count XIII:  | Violation of Haw. Rev. Stat. Ch. 480;            |
| Count XIV:   | Negligence; and                                  |
| Count XVI:   | Intentional and Negligent Infliction of Emotional Distress. |

The following claims are **DISMISSED WITH PREJUDICE** as to **Associa**:

| Count VI:    | Tortious Interference with Contractual Relations; |

| Count IX: | Quiet Title; |
|---|---|
| Count XV: | Wrongful Eviction; and |
| Count XIX: | Prima Facie Tort. |

The following claims are **DISMISSED WITH LEAVE TO AMEND** as to **Associa**:

| Count VII: | Violation of Haw. Rev. Stat. Ch. 667; |
|---|---|
| Count X: | Violation of Haw. Rev. Stat. Ch. 480D; |
| Count XI: | Violation of Haw. Rev. Stat. 443B; |
| Count XII: | Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; |
| Count XIII: | Violation of Haw. Rev. Stat. Ch. 480; |
| Count XIV: | Negligence; and |
| Count XVI: | Intentional and Negligent Infliction of Emotional Distress. |

The following Counts against the **AOAO** and **Associa do not allege a cause of action**:

| Count VIII: | Cancellation of Quitclaim Deed; |
|---|---|
| Count XVII: | Injunctive Relief; and |
| Count XVIII: | Declaratory Relief. |

**RULINGS ON CLAIMS AGAINST DEFENDANT PORTER MCGUIRE KIAKONA & CHOW, LLP**

Defendant Porter McGuire's Motion for Partial Dismissal (ECF No. 15) is **GRANTED.**

The following claim against Defendant **Porter McGuire** **SURVIVES:**

| | |
|---|---|
| **Count XII:** | Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. |

The following claims are **DISMISSED WITH PREJUDICE** as to Defendant **Porter McGuire:**

| | |
|---|---|
| **Count II:** | Breach of Fiduciary Duty; |
| **Count III:** | Breach of Contract; |
| **Count VI:** | Tortious Interference with Contractual Relations; |
| **Count IX:** | Quiet Title; |
| **Count X:** | Violation of Haw. Rev. Stat. 480D; |
| **Count XI:** | Violation of Haw. Rev. Stat. Ch. 443B; |
| **Count XIV:** | Negligence; |
| **Count XV:** | Wrongful Eviction; |
| **Count XVI:** | Negligent Infliction of Emotional Distress; and |
| **Count XIX:** | Prima Facie Tort. |

The following Counts against **Porter McGuire do not allege a cause of action:**

| Count VIII: | Cancellation of Quitclaim Deed; |
|---|---|
| Count XVII: | Injunctive Relief; and |
| Count XVIII: | Declaratory Relief. |

The following claims are **DISMISSED WITH LEAVE TO AMEND** as to Defendant **Porter McGuire:**

| Count I: | (Aiding and Abetting) Breach of Governing Documents; |
|---|---|
| Count IV: | (Aiding and Abetting) Promissory Estoppel/Detrimental Reliance/ Negligent and Intentional Misrepresentation; |
| Count V: | (Aiding and Abetting) Violation of Haw. Rev. Stat. Chs. 514A and 514B; and |
| Count VII: | (Aiding and Abetting) Violation of Haw. Rev. Stat. Ch. 667, and |
| Count XIII: | Haw. Rev. Stat. 480. |

**RULINGS ON THE CLAIMS AGAINST DEFENDANT JONAH KOGEN**

Defendant Kogen's Motion for Summary Judgment (ECF No. 14) is **DENIED.**

The following claims are **DISMISSED WITH PREJUDICE** as to Defendant **Kogen:**

| Count VI: | Tortious Interference with Contractual Relations; and |
|---|---|

Count XIX:      Prima Facie Tort.

The following Counts against Defendant **Kogen do not allege a cause of action**:

Count VIII:     Cancellation of Quitclaim Deed;

Count XVII:     Injunctive Relief; and

Count XVIII:    Declaratory Relief.


The following claims are **DISMISSED WITH LEAVE TO AMEND** as to Defendant **Kogen**:

Count IX:       Quiet Title; and

Count XV:       Wrongful Eviction.

**PLAINTIFF'S REQUEST TO AMEND**

Plaintiff's request to amend is **GRANTED**. Plaintiff may file a Second Amended Complaint by July 25, 2014. The Second Amended Complaint must conform to the rulings contained in this Order.

The sole remaining claim is **Count XII**, alleging a violation of 15 U.S.C. § 1692, against **Porter McGuire**.

Plaintiff is granted leave to amend as follows:

| Claim | Leave to Amend As to |
|---|---|
| **Count I:**<br>Breach of Governing Documents | **AOAO**<br>**Porter McGuire** |
| **Count IV:**<br>Promissory Estoppel/<br>Detrimental Reliance/<br>Negligent an Intentional<br>Misrepresentation | **AOAO**<br>**Porter McGuire** |

| | |
|---|---|
| **Count V:**<br>Violation of Haw. Rev. Stat.<br>Ch. 514A and 514B | **AOAO**<br>**Porter McGuire** |
| **Count VII:**<br>Violation of Haw Rev. Stat.<br>Ch. 667 | **AOAO**<br>**Associa**<br>**Porter McGuire** |
| **Count IX:**<br>Quiet Title | **Jonah Kogen** |
| **Count X:**<br>Violation of Haw. Rev. Stat.<br>Ch. 480D | **Associa** |
| **Count XI:**<br>Violation of Haw. Rev. Stat.<br>Ch. 443B | **AOAO**<br>**Associa** |
| **Count XII:**<br>Violation of the Fair Debt<br>Collection Practices Act, 15<br>U.S.C. § 1692 | **AOAO**<br>**Associa** |
| **Count XIII:**<br>Violation of Haw. Rev. Stat.<br>Ch. 480 | **AOAO**<br>**Associa**<br>**Porter McGuire** |
| **Count XIV:**<br>Negligence | **AOAO**<br>**Associa** |
| **Count XV:**<br>Wrongful Eviction | **Jonah Kogen** |
| **Count XVI:**<br>Negligent and Intentional<br>Infliction of Emotional<br>Distress | **AOAO**<br>**Associa** |

IT IS SO ORDERED.


        DATED:          Honolulu, Hawaii, June 18, 2014.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

RANDOLPH BAHAM v.ASSOCIATION OF APARTMENT OWNERS OF OPUA HALE
PATIO HOMES; PORTER MCGUIRE KIAKONA & CHOW, LLP; ASSOCIA HAWAII
fka CERTIFIED HAWAII, INC.; JONAH KOGEN, Civ. No. 13-00669 HG-
BMK; **ORDER GRANTING ASSOCIATION OF APARTMENT OWNERS OF OPUA HALE
PATIO HOMES AND ASSOCIA HAWAII fka CERTIFIED HAWAII, INC.'S
MOTION TO DISMISS COMPLAINT AND DENYING MOTION FOR A MORE
DEFINITE STATEMENT AS MOOT (ECF No. 7) AND GRANTING DEFENDANT
PORTER MCGUIRE KIAKONA & CHOW, LLP'S MOTION FOR PARTIAL DISMISSAL
(ECF No. 15) AND DENYING JONAH KOGEN'S MOTION FOR SUMMARY
JUDGMENT (ECF No. 14); PLAINTIFF IS GRANTED LEAVE TO AMEND**