REVERE & ASSOCIATES LLLC
A Limited Liability Law Company

TERRANCE M. REVERE       5857
ANDREW D. CHIANESE       9957
Pali Palms Plaza
970 North Kalaheo Avenue, Suite A301
Kailua, Hawaii  96734
Telephone No:  (808) 791-9550
terry@revereandassociates.com
andrew@revereandassociates.com

Attorneys for Plaintiff
RANDOLPH BAHAM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RANDOLPH BAHAM,<br><br>               Plaintiff,<br><br>       vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF OPUA HALE PATIO HOMES; RANDALL PLUNKETT; JOSEPH GAMBOA; PORTER McGUIRE KIAKONA & CHOW, LLP; ASSOCIA HAWAII fka CERTIFIED HAWAII, INC.; JONAH KOGEN; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>               Defendants. | CIVIL NO. CV13-00669 HG-BMK<br><br>FINDINGS AND RECOMMENDATION GRANTING PETITIONERS RANDOLPH BAHAM, ASSOCIATION OF APARTMENT OWNERS OF OPUA HALE PATIO HOMES, AND ASSOCIA HAWAII fka CERTIFIED HAWAII, INC.'S JOINT PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT<br><br>HEARING:<br>Date:   October 9, 2015<br>Time:   10:00 a.m.<br>Judge:  Honorable Barry M. Kurren<br><br>No trial date set. |

FINDINGS AND RECOMMENDATION
GRANTING PETITIONERS RANDOLPH BAHAM,
ASSOCIATION OF APARTMENT OWNERS OF OPUA HALE
PATIO HOMES, AND ASSOCIA HAWAII fka CERTIFIED HAWAII, INC.'S
JOINT PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

On September 16, 2015 Petitioners Randolph Baham, the Association of Apartment Owners of Opua Hale Patio Homes ("AOAO"), and Associa Hawaii fka Certified Hawaii, Inc.'s ("Associa") (collectively "Petitioners") filed *Petitions Randolph Baham, Association of Apartment Owners of Opua Hale Patio Homes, and Associa Hawaii fka Certified Hawaii, Inc.'s Joint Petition for Determination of Good Faith Settlement* [CM/ECF 232] ("Petition").  This Court, having heard this matter on October 9, 2015, and after due and careful consideration of the Petition, all statements regarding the Petition, and having been involved in each of the parties' Settlement Conferences, the Court FINDS that under the totality of the circumstances the settlement was made in good faith.  Accordingly, the Court RECOMMENDS that the Petition be GRANTED.

I.   BACKGROUND

This case arose from the non-judicial foreclosure sale of Plaintiff Randolph Baham's condominium unit.  The AOAO is a condominium association responsible for governing and maintaining the Opua Hale Patio Homes located in Mililani, Hawaii, and which is run by its Board of Directors.  Defendant Randall Plunkett was the Board president at all relevant times, and Defendant Joseph

Gamboa was the Board treasurer. Associa was and is retained by the AOAO for the purpose of managing Opua Hale. Plaintiff claims to be the owner of Unit #149 at Opua Hale, located at 94-421 Keaoopua Street, Mililani.

In 1998, Mr. Baham acquired Unit #149 with his mother. In December 2010, Mr. Baham's mother died. Mr. Baham subsequently failed to pay maintenance fees. On September 21, 2012, Mr. Baham was delinquent in the amount of $19,114.45 for maintenance fees and other amounts owing to the AOAO. On that date, the AOAO, through its attorneys, Defendant Porter McGuire Kiakona & Chow ("PMKC"), recorded a *Notice of Default and Intention to Foreclose* on the unit. PMKC advised Mr. Baham that additional attorneys' fees and costs would continue to be incurred and that if Mr. Baham did not pay the total amount due by November 20, 2012, the AOAO would proceed to auction the unit.

In November 2012, Mr. Baham made an offer of a payment plan. PMKC advised Mr. Baham that the AOAO's Board of Directors would consider the offer.

On March 19, 2013, PMKC prepared and recorded a *Notice of Association's Non-Judicial Foreclosure Under Power of Sale*.

During this time, early 2013, the Board of Directors was in a transition period, with some directors leaving and new directors joining the Board. According to Mr. Baham, in or around April 2013, Mr. Plunkett, the new Board president, told Mr. Baham that the sale date of the unit would be postponed.

According to Mr. Baham, Mr. Plunkett told Plaintiff that Plaintiff should wait until the AOAO responded to Plaintiff's November 2012 payment plan offer and then submit a new offer, and that the AOAO would accept Plaintiff's new offer and enter into a payment plan with Plaintiff once the newly composed Board had an opportunity to review Plaintiff's new offer.

On May 6, 2013, PMKC notified Mr. Baham that his November 2012 payment plan was rejected. PMKC also advised Mr. Baham that the amount he now owed was $28,448.23.

On May 14, 2013, Mr. Baham submitted another payment plan offer to the AOAO.

On May 28, 2013, PMKC sold the unit at public auction to Defendant Jonah Kogen.

On May 29, 2013, Mr. Baham learned from Mr. Kogen that Mr. Kogen had purchased the unit. Mr. Baham spoke to Board members Plunkett and Gamboa. Mr. Baham claims that Messrs. Plunkett and Gamboa told him that the AOAO would reverse the sale to Mr. Kogen.

On May 31, 2013, the Board held its first Board meeting regarding the Baham foreclosure. Mr. Baham claims that at that meeting, the Board voted to rescind the sale to Mr. Kogen. Defendants claim that the Board's discussions and actions at the meeting are subject to attorney-client privilege. Notwithstanding, it

is undisputed that on June 6, 2013, PMKC contacted Mr. Kogen and asked whether Mr. Kogen would agree to cancel the sale of the unit.

In response to PMKC's call, Mr. Kogen hired attorney Jeffrey P. Miller, who wrote a response to PMKC. In it, Mr. Kogen threatened to sue the AOAO if it did not proceed with the sale to Mr. Kogen. Subsequently, PMKC went through with the sale and recorded the deed to Mr. Kogen.

On October 24, 2013, Mr. Baham filed a *Complaint* against the AOAO, Board president Randall Plunkett, Board treasurer Joseph Gamboa, Porter McGuire Kiakona & Chow, LLP and Jonah Kogen, in the Circuit Court of the First Circuit, State of Hawaii, entitled *Randolph Baham v. Association of Apartment Owners of Opua Hale Patio Homes, et al,* Civil No. 13-1-2851-10. In the lawsuit, Mr. Baham alleged claims for, among other things, negligence and other claims arising out of the non-judicial foreclosure.

On December 6, 2013, the case was removed from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii, *Baham v. The Association of Apartment Owners of Opua Hale Patio Homes, et al*, Civil No. 1:13-cv-00669-HG.

On July 27, 2015, after extensive discovery and several motions had been filed and heard, the parties participated in lengthy Settlement Conferences with Magistrate Barry Kurren as the Settlement Conference Judge. As a result, Plaintiff

Baham and Defendants AOAO and Associa were able to reach an agreement which resolves Mr. Baham's claims against the AOAO, Associa, Mr. Plunkett, and Mr. Gamboa (collectively the "AOAO Defendants"). Under the terms of the settlement, the AOAO Defendants have agreed to pay $110,000.00 to resolve Plaintiff's claims against them, and the AOAO has agreed to assign any claims it has against Defendants PMKC and Jonah Kogen to Plaintiff. The settlement payment is less than Mr. Baham demanded as full compensation for his damages, and is less than the AOAO Defendants' expected litigation costs if they were to defend themselves in the lawsuit.

As stated, the Petition was filed September 16, 2015 [CM/ECF 232] ("Petition"). On September 28, 2015 counsel for Defendant Porter McGuire Kiakona & Chow ("PMKC") submitted a *Statement of No Opposition to the Joint Petition* [CM/ECF 236]. On October 5, 2015 counsel for Defendant Jonah Kogen submitted a *Statement of No Position* [CM/ECF 238] as to the Petition.

The final settlement terms were negotiated in good faith and were based on a realistic approximation of the total damages sought by Plaintiff, the strength of Plaintiff's claims against the AOAO Defendants, the likelihood that Plaintiff would succeed against the AOAO Defendants at trial, and the predicted expense of litigation. Considering these factors, Petitioners are entitled to a determination by this Court that the settlement is in good faith under HRS § 663.15.5.

## II.     RELEVANT LAW

HRS § 663-15.5 requires courts to approve settlements that are made in good faith. That statute provides in relevant part the following:

>(a)   A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:
>
>>(1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;
>>
>>(2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and
>>
>>(3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.
>
>* * *
>
>a.  A determination by the court that a settlement was made in good faith shall:
>
>>i.  Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and
>>
>>ii. Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

Haw. Rev. Stat. § 663-15.5 (2003).

In determining whether a settlement has been made in "good faith" for purposes of HRS § 663-15.5, a court must look to the "totality of the circumstances." In *Troyer v. Adams*, 102 Hawai'i 399, 77 P.3d 83 (2003), the Hawaii Supreme Court concluded that:

> the legislature's goals of simplifying the procedures and reducing the costs associated with claims involving joint tortfeasors, while providing courts with the opportunity to prevent collusive settlements aimed at injuring non-settling tortfeasors' interests, are best served by leaving the determination of whether a settlement is in good faith to the sound discretion of the trial court in light of the totality of the circumstances surrounding the settlement.

*Troyer*, 102 Hawai'i at 427, 77 P.3d at 111.

Moreover, the *Troyer* court provided a non-exclusive list of nine factors which the court may consider in determining whether a settlement has been made in good faith. *Id.* These factors include: (1) the type of case and difficulty of proof at trial; (2) a realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose. The

foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith. *Id.*

### III.   ANALYSIS

In this case, under the totality of the circumstances, the settlement between Mr. Baham and the AOAO Defendants was completed in good faith. The settlement was reached after the AOAO Defendants and Mr. Baham thoroughly evaluated the expected costs of preparing the case for trial, the potential exposure to the AOAO Defendants if Mr. Baham prevailed on his claims, and the relative degree of fault of the AOAO Defendants in this case.

If the AOAO Defendants had not settled the lawsuit, they would have been forced to defend themselves in extended litigation. Preparing for trial would require even more discovery, the retention of expert witnesses, depositions of fact and expert witnesses and further motions practice. The settlement takes into account the costs of discovery and the costs of proceeding to trial.

The settlement also takes into account the strength of Mr. Baham's claims against the AOAO Defendants. Mr. Baham believes that the AOAO Defendants are liable for a portion of the damages because they allegedly promised to prevent the sale of Mr. Baham's unit to Mr. Kogen.

Indeed, the parties' differing positions raise issues that would have to be resolved by a jury, and create a possibility that the AOAO Defendants would have been found at least partially liable for Mr. Baham's injuries.

The amount of consideration being paid by the AOAO Defendants is substantial and bears a reasonable relationship to the AOAO Defendants' exposure for Mr. Baham's damages. Moreover, this settlement was accomplished only after extensive discussions facilitated by the Court in which the Honorable Judge Barry Kurren was intimately involved. As such, there is no risk of collusion or wrongful conduct between Mr. Baham and the AOAO Defendants.

Under the totality of the circumstances, the settlement between Mr. Baham and the AOAO Defendants is in good faith. The Court therefore RECOMMENDS to Senior Judge Helen Gillmor that the Petition be GRANTED and find as follows:

1. The settlement between Mr. Baham and the AOAO Defendants is a good faith settlement as provided in Haw. Rev. Stat. § 663-15.5;

2. Any joint tortfeasors and co-obligors are barred from asserting any claims against the AOAO, Associa, Mr. Plunkett, or Mr. Gamboa for contribution or indemnity based on comparative fault, common law indemnity or joint obligation pursuant to Haw. Rev. Stat. § 663-15.5;

3.   Any and all cross-claims against the AOAO, Associa, Mr. Plunkett, or Mr. Gamboa for contribution, indemnity or reimbursement as a joint tortfeasor under Haw. Rev. Stat. § 663-15.5 are hereinafter barred; and

4.   The *Third Amended Complaint* filed herein on January 5, 2015, is hereby dismissed with prejudice as against the AOAO, Associa, Mr. Plunkett and Mr. Gamboa.

### IV.   CONCLUSION

For the reasons discussed above, the Court FINDS that under the totality of the circumstances the settlement was made in good faith.  Accordingly, the Court RECOMMENDS that the Court GRANT the Petitioners *Joint Petition for Determination of Good Faith Settlement*.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, __October 19, 2015_____.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

FINDINGS AND RECOMMENDATION GRANTING PETITIONERS RANDOLPH BAHAM, ASSOCIATION OF APARTMENT OWNERS OF OPUA HALE PATIO HOMES, AND ASSOCIA HAWAII fka CERTIFIED HAWAII, INC.'S JOINT PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, filed September 16, 2015 [CM/ECF 232]; *Randolph Baham v. Association of Apartment Owners of Opua Hale Patio Homes, et al.; Civil No. CV13-00669 HG-MBK*